THIRD DEPARTMENT, NOVEMBER, 1963

(November 8, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE W. RICE, Appellant.— The indictment, in charging that defendant "operated and drove a motor vehicle in a reckless and culpably negligent manner whereby one Barbara Papick, a human being, was killed" (Penal Law, § 1053-a), set forth the "plain and concise statement of the act constituting the crime" required by the statute (Code Crim. Pro., § 275, subd. 2); and the bill of particulars, in proper amplification thereof, set forth the evidentiary basis of the negligence charged by alleging that defendant (1) drove his vehicle into the path of another vehicle (2) without signaling or warning (3) while his ability to operate such vehicle was impaired, due to the use of alcoholic beverages. The bill of particulars was ordered in accordance with common-law practice and not pursuant to the provisions governing simplified indictments (Code Crim. Pro., §§ 295g–295k; see *People* v. *Rubin,* 170 Misc. 969) and thus the authorities upon which appellant relies are not in point; but we find, in any event, no basis upon which the indictment and bill of particulars could be found improper or insufficient. It follows that the court properly received evidence of concentration of alcohol in defendant's blood of .11% and the testimony of a physician who said, in substance, that defendant was

so far under the influence of alcohol as to render him incompetent to drive and who expressed the conclusion, based on his own observation of defendant, that defendant was "moderately to acutely intoxicated". The other specifications of negligence alleged in the bill of particulars were proven without contradiction or explanation. Judgment affirmed. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.