THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID CLOUGH, Appellant.

Third Department, February 28, 1974.

*Neil E. Needleman* for appellant.

*Elbert H. Watrous, Jr., District Attorney*, for respondent.

COOKE, J. This is an appeal from a judgment of the County Court of Schenectady County, rendered May 5, 1972, upon a verdict convicting defendant of the crime of hindering prosecution in the second degree.

On the evening of November 28, 1971, Sergeant Michael McNeil of the Albany Police Department was shot and killed in his patrol car. Joseph Guerin, the suspected murderer, was arrested at defendant's apartment in Schenectady at approximately 5:00 A.M. the next day. Defendant was subsequently indicted, the indictment reading:

" THE GRAND JURY OF THE COUNTY OF SCHENECTADY, by this indictment accuse the defendant David Clough of the crime of HINDERING PROSECUTION IN THE FIRST DEGREE, committed as follows:

" The defendant, David Clough, in the County of Schenectady, on or about November 29, 1971, rendered criminal assistance to one Joseph Guerin, knowing and/or believing that the said Joseph Guerin had engaged in conduct constituting a Class A felony, to wit, Murder."

Defendant moved to dismiss the indictment on the ground that no crime was charged. This motion 'was denied, as were other pretrial motions for suppression óf certain statements made by defendant and of evidence seize'd from his apartment. Following a jury trial, defendant was convicted of hindering prosecution in the second degree.

On this appeal, defendant contends that the indictment should have been dismissed for failure to allege all the essential elements of the crime charged and for failure to state facts with sufficient precision to notify him of the conduct which was the subject of the accusation; that there was no proof of guilt beyond a reasonable doubt since it was not shown that Guerin had committed any crime; that certain items of physical evidence and certain statements should have been suppressed since he was not given *Miranda* warnings and there was no voluntary and intelligent waiver thereof; that the charge to the jury was erroneous and prejudicial, particularly since the defense of justification was not charged; and that he was deprived of his right to appear before the Grand Jury.

Pursuant to the Criminal Procedure Law which abolished the short-form indictment (see Practice Commentary by Richard G. Denzer, McKinney's Cons. Laws of N. Y., Book 11A, art. 200, p. 195), an indictment *must* contain, *inter alia,* " A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting *every element of the offense charged* and the defendant's or defendants' commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation " (CPL 200.50, subd. 7 [emphasis sup-

plied]). Thus, a determination of the elements of the crime of hindering prosecution in the first degree is necessary.

It seems clear from the language of the statute[1] that three separate elements must coalesce to constitute the crime. First, the actor must "render criminal assistance" as that term is defined in section 205.50 of the Penal Law; second, the criminal assistance must be rendered to one who has committed a class A felony; and third, the actor must know or believe that such person has engaged in conduct constituting a class A felony, i.e., he must know or believe that the person committed murder, for example, although he may not know or believe that murder is a class A felony.

Comparison of the indictment with the statute reveals that the second element of the crime is completely missing from the indictment. The People contend that all the elements of the crime are alleged since it is stated that the criminal assistance was rendered "knowing and/or believing that the said Joseph Guerin had engaged in conduct constituting a Class A felony, to wit, Murder."[2] However, to so construe the statute would render its plain and unambiguous terms meaningless and we decline the opportunity to do so. The fact that the gravity of the defendant's actions is dependent on the conduct of the person to whom criminal assistance is rendered reinforces the belief that the language of the statute, requiring proof that such person committed a class A felony, is not mere surplusage but is crucial to sustain a conviction. (Cf. *People* v. *Gant*, 42 A D 2d 736, 737.)

An allegation that the person assisted did in fact commit a class A felony is necessary in order to sustain an indictment charging hindering prosecution in the first degree. "[T]he person to whom the assistance is rendered must have actually committed a certain crime. It is not sufficient that the one rendering assistance believed that the particular crime was committed; the People must substantively prove that the per-

1. "§ 205.65 Hindering prosecution in the first degree. A person is guilty of hindering prosecution in the first degree when he renders criminal assistance to a person who has committed a class A felony, knowing or believing that such person has engaged in conduct constituting a class A felony."

2. Accordingly, at the trial no attempt was made to prove that Joseph Guerin committed a class A felony or, indeed, any crime. All that the evidence proved, in this respect, was that he was suspected by the police of killing Sergeant McNeil. Where possible, such proof may be presented in the form of a certificate of conviction of the person to whom the assistance was rendered; in other cases, independent evidence proving that such person committed the requisite felony will be necessary (see *People* v. *Formato*, 286 App. Div. 357, 363, affd. 309 N. Y. 979; Fisch, New York Evidence, § 214).

son to whom assistance was rendered actually committed it.'' (Rothblatt, Criminal Law in New York, The Revised Penal Law [1971], § 431, p. 375. See also Marks and Paperno, Criminal Law in New York Under the Revised Penal Law [1967], § 460, p. 515.) Thus, the indictment, insofar as it attempts to charge defendant with hindering prosecution in the first degree, is defective (cf. *People* v. *Armlin,* 6 N Y 2d 231).

Nevertheless, if the indictment does properly charge a crime, though wrongly named, it need not be dismissed (*People* v. *Oliver,* 3 N Y 2d 684, 686). Therefore, it is necessary to determine whether the indictment states facts sufficient to properly charge defendant with any lesser included offense. Once again, the absence of any allegation in the indictment that the person to whom criminal assistance was rendered committed a class B or class C felony (Penal Law, § 205.60) or any felony (Penal Law, § 205.55) makes ineffective any attempt to construe it as charging hindering prosecution in the second or third degree. Nor can it be read as charging obstructing governmental administration (Penal Law, § 195.05) as there are no allegations of violence, physical interference or independently unlawful acts.

Additionally, the indictment is defective for failure to comply with subdivision 7 of section 200.50 of the CPL which requires a statement of facts with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation. The indictment may be searched in vain for any statement of facts as to how defendant rendered criminal assistance to Guerin. This requirement of particular acts constituting the crime is more than a technicality; the failure to state such acts is a jurisdictional defect (*People* v. *Douglas,* 12 A D 2d 194, 198; Pitler, New York Criminal Practice Under the CPL, p. 295; cf. *People* v. *McGuire,* 5 N Y 2d 523).

Since the indictment on its face fails to allege any crime, it is jurisdictionally defective and should have been dismissed. In view of the conclusion we reach, it is unnecessary to discuss defendant's other contentions on this appeal. We note and point out additionally, however, that the trial evidence without proof that Joseph Guerin committed any felony is insufficient to support defendant's conviction.

The judgment should be reversed, on the law, and the indictment dismissed.

HERLIHY, P. J., STALEY, JR., SWEENEY and KANE, JJ., concur.

Judgment reversed, on the law, and indictment dismissed.