■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN G. BARNES, Respondent.— Appeal from an order of the County Court of Tompkins County, entered August 7, 1973, which granted defendant's motion to dismiss two counts of an indictment. As a result of an automobile accident involving a vehicle operated by defendant, one Mary Keleman was killed. On May 1, 1973 the Grand Jury indicted defendant for manslaughter in the second degree, criminally negligent homicide and operating a motor vehicle under the influence of alcohol. On motion of defendant the first two counts of the indictment were dismissed without prejudice to the filing of a new valid indictment. The basis for the court's dismissal was that the indictment failed to set forth facts supporting the elements of the offenses charged and the conduct of the defendant constituting the charges. The first count of the indictment charges defendant with the crime of manslaughter in the second degree in violation of section 125.15 of the Penal Law in that " on or about March 11, 1973, at or about 9:30 P.M. at the 600 block of South Aurora Street in the City of Ithaca, County of Tompkins and State of New York, the said JOHN G. BARNES did recklessly cause the death of MARY JUDITH KELEMAN by operating a motor vehicle in a generally southerly direction on South Aurora Street and there causing the same to collide with an automobile operated by MARY JUDITH KELEMAN." The second count charges defendant with criminally negligent homicide in violation of section 125.10 of such law by merely repeating the averments of the first count and substituting the words " acting with criminal negligence" for the word " recklessly". A reading of the indictment clearly demonstrates that there are no facts set forth showing the acts or conduct of defendant which constitute the crimes charged. It is significant that we are not dealing with the now abolished " short form" of indictment, but with an indictment that must conform with CPL 200.50 (subd. 7), which requires a concise recitation of the facts supporting every element of the offense charged to apprise defendant of the objectionable conduct (see People v. Clough, 43 A D 2d 451). In the instant indictment the charges are alleged by a recitation of the language of the statute. Under the existing law this is insufficient and any defect in the indictment may not be remedied by a bill of particulars. Consequently, in our view, the court properly dismissed the first and second counts of the indictment. Order affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur. [74 Misc 2d 1006.]