■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENT LEE ROSENBLOOM, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered November 30, 1973, convicting defendant upon his plea of guilty of criminally negligent homicide. Following an accident in which John E. Christian, a passenger in defendant's vehicle, was killed, defendant was indicted on charges of criminally negligent homicide, driving while intoxicated and operating a motor vehicle while he had .10 of 1% or more of alcohol, by weight, in his blood. His motion to dismiss the indictment was denied and defendant entered the guilty plea to criminally negligent homicide in full satisfaction of the indictment. On this appeal defendant apparently contends that section 125.10 of the Penal Law is unconstitutionally vague and indefinite because it fails to define the proscribed conduct with reasonable precision. Additionally, he argues the indictment is defective since it does not allege sufficient facts to support every element of the crime of criminally negligent homicide. The question of whether section 125.10 of the Penal Law is unconstitutionally vague has been resolved in the negative (*People* v. *Kealey*, 33 N Y 2d 818; *Matter of Rossi* v. *County Ct. of County of Schoharie*, 31 A D 2d 715, 716; cf. *People* v. *Haney*, 30 N Y 2d 328, 333–335). It remains to be considered, however, whether the indictment "asserts facts supporting every element of the offense charged and the defendant's or defendants' commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation" (CPL 200.50, subd. 7). The indictment charged, in part, that the defendant "on or about the 18th day of April, 1973, did with criminal negligence cause the death of another person, to wit, that said defendant, on Interstate Route 81 in said City and Towns, County and State, did operate a motor vehicle, to wit, a 1972 Datsun automobile bearing State of New York registration number BH-7757, at an excessively high rate of speed * * * while under the influence of an alcoholic beverage to the point of being intoxicated". In *People* v. *Haney* (*supra*), the court found sufficient evidence to sustain an indictment charging criminally negligent homicide in view of the testimony indicating that defendant was speeding and failed to stop at an intersection. While noting (p. 335) that "criminal liability cannot be predicated upon every careless act merely because its carelessness results in another's death" the court decided the conduct at issue there went beyond mere carelessness. In finding that the evidence and the reasonable inferences to be drawn therefrom would support a conviction of criminally negligent homicide, it was stated (p. 336): "To hold otherwise, and excuse the flagrant disregard manifested here, would sanction conduct at which the statute was clearly aimed, and, in effect, abolish the crime of criminally negligent homicide in all homicides resulting from a misuse of a motor vehicle." This reasoning is equally applicable to the case at bar. The indictment alleges that defendant's speeding while intoxicated resulted in the accident which claimed the life of his passenger. Certainly such conduct rises above the level of mere carelessness and involved a substantial and unjustifiable risk, and the failure to

perceive it as such was a gross deviation from the standard of care which a reasonable man would have observed under the same circumstances (see Penal Law, § 15.05, subd. 4). Defendant was fully apprised of the conduct which was the subject of the accusation and every element of the crime was alleged. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.