■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGIL V. R. RATHBUN, Appellant.—Appeal from a judgment of the County Court of Washington County, rendered March 18, 1975, upon a verdict convicting defendant of kidnapping in the second degree. This case arose out of a somewhat unusual relationship between defendant and the victim, Daisy Allen. When the latter was age 11, she was placed in the home of defendant as a foster child. Subsequently, she was relocated but the connection between her and defendant continued. On April 11, 1974 defendant intercepted Daisy, then age 19, on her way to high school in Hudson Falls, New York. He took her in his automobile and crossed New York State via the Thruway into Ohio, where he was apprehended at gun point. Defendant was thereafter indicted for the crime of kidnapping in the second degree. After a jury trial he was found guilty as charged. This appeal ensued and defendant raises several issues urging reversal. Some, but not all, of these issues require comment by us. Initially, defendant contends that the indictment was jurisdictionally defective. We note in passing that defendant raises the issue of the sufficiency of the indictment for the first time on this appeal. Specifically, defendant contends that the indictment fails to set forth facts as required by CPL 200.50. The indictment, in substance, charges defendant with the crime of kidnapping in the second degree in violation of section 135.20 of the Penal Law in that he, on or about the 11th day of April, 1974, in the County of Washington, did abduct Daisy L. Allen. The defendant relies heavily on three cases, none of which involved kidnapping and each of which is readily distinguishable from the instant case. (*People v Barnes,* 44 AD2d 740; *People v Clough,* 43 AD2d 451; *People v Douglas,* 12 AD2d 194). It is most significant that here we are concerned with the crime of kidnapping. Unlike the cases relied upon by defendant, the word "abduct", in and of itself, apprised the defendant of his wrongful act. The dictionary defines

the word to mean "to take away surreptitiously by force; to carry away (a human being) wrongfully, and, usually, by violence: to kidnap." (Webster's New International Dictionary [2d ed].) Thus, the word by its common meaning embraces each element constituting the offense. Consequently, we conclude that the indictment is sufficient. Defendant next urges reversal on the ground that the evidence was insufficient, as a matter of law, to support a verdict of guilty of kidnapping in the second degree. The pertinent statute provides that a person is guilty of kidnapping in the second degree when he abducts another person. (Penal Law, § 135.20.) It further defines the term "abduct" as meaning "to restrain a person with intent to prevent his liberation by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly physical force". (Penal Law, § 135.00, subd 2.) The term "restrain" is also defined, "to restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful." (Penal Law, § 135.00, subd 1.) From an examination of this record in its entirety and in light of this statute, we arrive at a contrary conclusion than that urged by defendant. The victim testified that defendant initially forced her into his car on two separate occasions. This testimony was corroborated by a disinterested witness who testified to the struggle between Daisy and defendant and the fact that the girl resisted. The victim also testified that on the trip to Ohio defendant forced her to remain in the vehicle by threatening to run it into a tree and kill them both. The record further demonstrates that prior to defendant's apprehension and after he had stopped at a gas station in Ohio, he forced Daisy to return to the car. While much of the prosecution's testimony was contradicted by defendant, this merely created questions of fact and credibility which the jury implicitly resolved against the defendant. There is, in our opinion, ample proof to justify the jury's verdict. Again, the cases relied upon by defendant are distinguishable. (Cf. *People v Camp*, 139 NY 87; *People v Koslow*, 6 AD2d 713.) Finally, defendant's contention that the court erred in refusing to charge the jury that they could find defendant guilty of assault in the third degree, is also untenable. The record clearly establishes that Daisy Allen was not physically injured. In order to prove the crime of assault, third degree, the victim must have sustained physical injury. Consequently, the court properly refused to charge assault in the third degree. We have examined the remaining issues raised by defendant and find them unavailing. Further comment is unnecessary. Judgment affirmed. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.