■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SOTO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, entered June 27, 1975, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. Judgment affirmed. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). The record amply supports the verdict. Martuscello, Latham and Hawkins, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum, in which Christ, J., concurs: The defendant was convicted after a jury trial of criminally negligent homicide (Penal Law, § 125.10). I am concerned with only one point raised on appeal—whether the indictment is sufficient as a matter of law. The indictment alleges that the defendant "caused the death of JOSEPH FERENC by striking him with an automobile". A pretrial motion to dismiss the indictment as insufficient was denied by Criminal Term. The propriety of that ruling is the question before us. An indictment must contain "A plain and concise factual statement * * * which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant's * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation" (CPL 200.50, subd 7). "'Criminally negligent homicide' applies to a wide spectrum of fatal conduct of both commission and omission" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 125.10, p 379). Unlike the indictment in *People v Haney* (30 NY2d 328, 331), the instant indictment states no facts concerning the conduct of the defendant which would mark it as negligent. It is surely not enough to say that the defendant struck the victim with an automobile, since the operation of a vehicle by itself is not a criminal act.*

---

* In *Haney* (30 NY2d 328, 331, *supra*), the indictment alleged that the defendant "drove a vehicle at a high, reckless, dangerous and unlawful rate of speed" and that "'he failed and neglected to stop said vehicle at the intersection * * * although the traffic signal situated at said intersection was red'". Similarly, in *People v Rosen-*

"Criminally negligent homicide, in essence, involves the failure to perceive the risk in a situation where the offender has a legal duty of awareness. It, thus, serves to provide an offense applicable to conduct which is obviously socially undesirable" *(People v Haney, supra,* p 334). The indictment, consequently, does not meet the requirement of CPL 200.50 (subd 7) that "facts supporting every element of the offense charged" be alleged therein. The indictment is, indeed, even terser than the indictment found insufficient in *People v Barnes* (44 AD2d 740), where at least the defendant was apprised of the direction in which his automobile was traveling. The term "criminally negligent" is so amorphous and covers such a wide range of proscribed conduct that the failure to allege specific acts constituting the criminal offense charged might well abridge due process standards. "The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law" *(People v Zambounis,* 251 NY 94, 97). That requirement becomes all the more essential, now that the simplified form of indictment is no longer authorized (cf. *People v Clough,* 43 AD2d 451, 452–453). I would therefore reverse the conviction and dismiss the indictment.

---

*bloom* (45 AD2d 794), the indictment alleged that the defendant operated the automobile at an excessively high rate of speed while intoxicated.