THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL FITZGERALD, Respondent.

Second Department, July 3, 1978

## APPEARANCES OF COUNSEL

*Carl A. Vergari, District Attorney (B. Anthony Morosco* of counsel), for appellant.

*Keegan, Keegan & Tully (Andrew W. Tully, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

SHAPIRO, J.

This is an appeal by the People from so much of an order of the County Court, Westchester County, as, upon reargument, adhered to the prior determination which dismissed two

counts of the indictment, one count charging criminally negligent homicide with respect to the death of one Cara Pollini, and one count charging assault in the third degree with respect to injuries sustained by one Susan Bassett, both arising out of the same automobile incident. The remaining counts, charging the defendant with leaving the scene of an accident, were not dismissed and are not part of this appeal.

Judge Couzens dismissed the two counts of the indictment upon the grounds that (1) the evidence before the Grand Jury was legally insufficient to sustain those counts of the indictment and (2) they were legally insufficient on their face. We do not reach the question of the legal sufficiency of the testimony before the Grand Jury because we affirm the determination of the County Court on the second-stated ground.

The counts of the indictment under review are:

"First Count

"The Grand Jury of the County of Westchester, by this Indictment, accuse the defendant of the crime of Criminally Negligent Homicide, committed as follows:

"The defendant, in the Village of Briarcliff Manor, County of Westchester and State of New York, on or about December 22, 1975, with criminal negligence, caused the death of one Cara Pollini, while operating a 1967 Ford automobile and striking said Cara Pollini with said automobile.

"Second Count

"The Grand Jury of the County of Westchester, by this Indictment, accuse the defendant of the crime of Assault In The Third Degree, committed as follows:

"The defendant, in the Village of Briarcliff Manor, County of Westchester and State of New York, on or about December 22, 1975, with criminal negligence, did cause physical injury to one Susan Bassett, by means of a dangerous instrument, to wit, a 1967 Ford automobile."

The provisions of the Penal Law applicable to the crimes allegedly charged in counts one and two are:

"§ 120.00 Assault in the third degree.

"A person is guilty of assault in the third degree when:
* * *

"3. *With criminal negligence,* he causes physical injury to another person by means of a deadly weapon or a dangerous instrument" (emphasis supplied).

"§ 125.10 Criminally negligent homicide.

"A person is guilty of criminally negligent homicide when, *with criminal negligence,* he causes the death of another person" (emphasis supplied).

"§ 15.05 * * *

"4. 'Criminal negligence.' A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he *fails to perceive a substantial and unjustifiable risk* that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (emphasis supplied).

Subdivision 7 of CPL 200.50 provides that an indictment must contain: "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant's or defendants' commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation".[1]

The statutes from which CPL 200.50 (subd 7) is derived (former Code Crim Pro, §§ 268, 275, 276, 280, 284) were not as comprehensive since they merely required that an indictment contain a plain and concise statement of the act constituting the crime without unnecessary repetition *(People v Cook,* 81 Misc 2d 235); but even under their less restrictive provisions, the court in *People v Siefert* (4 AD2d 41, 43) held:

" 'An indictment predicated upon a statute must state all the facts and circumstances necessary to constitute the offense so as to bring the indicted party precisely within the meaning of the statutory provision' * * *

"It is fundamental that the indictment must state the crime charged and the particular acts constituting the crime".

In *People v Schultz* (301 NY 495, 497), the court said: " 'that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law.' *(People v. Zambounis,* 251 N.Y. 94, 96, 97; and see *People v. Grogan,* 260 N.Y. 138, 142.)"

---

1. If an indictment fails to comply with CPL 200.50 (subd 7), its dismissal is required by CPL 210.20 (subd 1, par [a]) and CPL 210.25 (subd 1).

Based upon precisely that consideration, but operating under the authority of CPL 200.50 (subd 7), the Appellate Division, Third Judicial Department, in *People v Barnes* (44 AD2d 740), held an indictment, substantially similar to the one before us, insufficient as a matter of law. The court said: "On May 1, 1973 the Grand Jury indicted defendant for manslaughter in the second degree, criminally negligent homicide and operating a motor vehicle under the influence of alcohol. On motion of defendant the first two counts of the indictment were dismissed without prejudice to the filing of a new valid indictment. The basis for the court's dismissal was that the indictment failed to set forth facts supporting the elements of the offenses charged and the conduct of the defendant constituting the charges. The first count of the indictment charges defendant with the crime of manslaughter in the second degree in violation of section 125.15 of the Penal Law in that 'on or about March 11, 1973, at or about 9:30 P.M. at the 600 block of South Aurora Street in the City of Ithaca, County of Tompkins and State of New York, the said JOHN G. BARNES did recklessly cause the death of MARY JUDITH KELEMAN by operating a motor vehicle in a generally southerly direction on South Aurora Street and there causing the same to collide with an automobile operated by MARY JUDITH KELEMAN.' The second count charges defendant with criminally negligent homicide in violation of section 125.10 of such law by merely repeating the averments of the first count and substituting the words 'acting with criminal negligence' for the word 'recklessly'. A reading of the indictment clearly demonstrates that there are no facts set forth showing the acts or conduct of defendant which constitute the crimes charged. It is significant that we are not dealing with the now abolished 'short form' of indictment, but with an indictment that must conform with CPL 200.50 (subd. 7), which requires a concise recitation of the facts supporting every element of the offense charged to apprise defendant of the objectionable conduct (see *People v. Clough,* 43 A D 2d 451). In the instant indictment the charges are alleged by a recitation of the language of the statute. Under the existing law this is insufficient and any defect in the indictment may not be remedied by a bill of particulars. Consequently, in our view, the court properly dismissed the first and second counts of the indictment."

The fact that an indictment confines itself to the language of the statute does not, per se, invalidate it if it contains "all

that is essential to charge the crimes and to apprise the accused of the nature of the crimes charged" *(People v Barton,* 51 AD2d 1044); but "where analogous offenses at common law require more particular allegations or where such language would not fairly inform the accused of the nature of the charge preferred against him, the act charged must be defined with greater particularity" *(People v Farson,* 244 NY 413, 417). That is precisely the situation here, for merely stating in an indictment that death was caused by, or an assault occasioned through, "criminal negligence", as do the two counts here under attack, certainly fails to apprise the defendant of the *facts* supporting those charges.

In *People v Soto* (52 AD2d 852, affd 44 NY2d 683), this court upheld a conviction based upon an indictment worded similarly to the one here under consideration. The insufficiency in that case was not raised at the trial level. Despite that fact, Mr. Justice HOPKINS dissented, saying (52 AD2d at pp 852-853): "The defendant was convicted after a jury trial of criminally negligent homicide (Penal Law, § 125.10). I am concerned with only one point raised on appeal—whether the indictment is sufficient as a matter of law. The indictment alleges that the defendant 'caused the death of JOSEPH FERENC by striking him with an automobile'. A pretrial motion to dismiss the indictment as insufficient was denied by Criminal Term. The propriety of that ruling is the question before us. An indictment must contain 'A plain and concise factual statement * * * which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant's * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation' (CPL 200.50, subd 7). ' "Criminally negligent homicide" applies to a wide spectrum of fatal conduct of both commission and omission' (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 125.10, p 379). Unlike the indictment in *People v Haney* (30 NY2d 328, 331), the instant indictment states no facts concerning the conduct of the defendant which would mark it as negligent. It is surely not enough to say that the defendant struck the victim with an automobile, since the operation of a vehicle by itself is not a criminal act. 'Criminally negligent homicide, in essence, involves the failure to perceive the risk in a situation where the offender has a legal duty of awareness. It, thus, serves to

provide an offense applicable to conduct which is obviously socially undesirable' *(People v Haney, supra,* p 334). The indictment, consequently, does not meet the requirement of CPL 200.50 (subd 7) that 'facts supporting every element of the offense charged' be alleged therein. The indictment is indeed, even terser than the indictment found insufficient in *People v Barnes* (44 AD2d 740), where at least the defendant was apprised of the direction in which his automobile was traveling. The term 'criminally negligent' is so amorphous and covers such a wide range of proscribed conduct that the failure to allege specific acts constituting the criminal offense charged might well abridge due process standards. 'The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law' *(People v Zambounis,* 251 NY 94, 97). That requirement becomes all the more essential, now that the simplified form of indictment is no longer authorized (cf. *People v Clough,* 43 AD2d 451, 452-453). I would therefore reverse the conviction and dismiss the indictment." I am thoroughly in accord with his conclusion that the indictment in that case was insufficient.[2]

In affirming the conviction in that case, the Court of Appeals (44 NY2d, at p 684) took particular pains to note that "[t]he defendant's challenge to the adequacy of the indictment (CPL 200.50, subd 7), as distinguished from the sufficiency of the evidence presented to the Grand Jury, was not timely raised and is thus not preserved for our review."

Here, there was no waiver by the defendant of the requirements of the statute, for he specifically moved to dismiss counts one and two of the indictment as legally insufficient and, in my opinion, for the reasons stated, that motion was

---

2. Although Mr. Justice HOPKINS, in his dissent, stated that "[a] pretrial motion to dismiss the indictment as insufficient was denied by Criminal Term", a reading of the record on appeal makes it clear that the motion to dismiss was not based on the insufficiency of the indictment as a pleading but, rather, on the alleged insufficiency of the testimony before the Grand Jury. That fact was pointed out by the People in their briefs to this court and to the Court of Appeals. In their brief to this court, the People noted that "[a]ppellant now contends, for the first time on appeal, that the indictment must be dismissed on the grounds that it is factually insufficient" and that "unless the defect in question deprives the court of jurisdiction, which is not the case here", an "attack on the sufficiency of the indictment must be made at or before sentence [C.P.L. §§ 210.20 (2), 210.20 (1) (a), 210.25, 200.50 (7)]". The Court of Appeals agreed with that position when it affirmed the conviction (44 NY2d, at p 684).

properly granted by the County Court Judge. Had defendant failed to make a motion attacking the sufficiency of the two counts and been found guilty upon sufficient proof after a trial (see *People v Soto, supra),* or by entering a guilty plea (see *People v Jackson,* 60 AD2d 893, in which I dissented from a reversal because, in my view, by defendant's plea of guilty he waived the pleading insufficiency), we would have a different issue.

Accordingly, the order, insofar as it adhered to the original determination dismissing counts one and two of the indictment, should be affirmed.

TITONE, J. P., RABIN and O'CONNOR, JJ., concur.

Order of the County Court, Westchester County, dated April 27, 1976, affirmed insofar as appealed from.