## (September 28, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL R. BROWN, Appellant.—Appeal from a judgment of the County Court of Cortland County, rendered October 27, 1977, convicting defendant upon his plea of guilty of the crime of robbery in the third degree and sentencing him to an indeterminate term of imprisonment not exceeding four years. Upon the present record it is established beyond dispute that on July 19, 1977 the defendant forcibly stole the sum of $19.75 from a 13-year-old victim. The express issues raised by the defendant are his contentions: (1) that he was not adequately represented by counsel, and (2) that the sentence imposed was excessive. The sentence imposed was well within the discretion of the court and no extraordinary circumstances are urged which might require a reduction in the interest of justice *(People v Caputo,* 13 AD2d 861). Accordingly, this issue has no merit. The defendant's contention that his representation by counsel was inadequate has no sound basis upon this record; however, in presenting this contention, the defendant in his brief states: "The indictment 77-9.2 was defective in that it failed to state with specificity the exact facts necessary for an indictment." In the case of *People v Clough* (43 AD2d 451, 454) this court adopted the position that pursuant to the provisions of CPL 200.50 (subd 7) an indictment must state the particular acts which constitute the crime and a failure to do so would be a *jurisdic-*

*tional* defect (see *People v Case,* 42 NY2d 98, 99). Accordingly, if the indictment were indeed insufficient the defendant would be entitled to relief upon this appeal despite his guilty plea and his counsel's failure to raise the issue below. Against the background of our prior decisions, however, we conclude that the indictment here comported with statutory requirements. In *People v Barnes* (44 AD2d 740), this court held that an indictment was jurisdictionally defective which did little more than repeat the language of the statute. The defendant in that case was charged with having acted "recklessly" and "with criminal negligence" in causing the death of an individual while driving an automobile. In the subsequent case of *People v Rathbun* (50 AD2d 677, 677-678), we found that the word "abduct", in and of itself, apprised the defendant of his wrongful act. Here, defendant pleaded guilty to the first count of the indictment which recited, in part, as follows: "The said Paul R. Brown forcibly stole property consisting of approximately $19.75 in money from Lloyd A. Payne, Jr." Section 160.05 of the Penal Law provides as follows: "A person is guilty of robbery in the third degree when he forcibly steals property." Unlike *People v Barnes (supra),* where the accusatory language simply accused the defendant of operating an automobile in a reckless manner, the present indictment charges all elements of the crime in clear and concise language and describes what was taken. Accordingly, the indictment is not fatally defective as to the crime for which the defendant was convicted *(People v Rathbun, supra).* Judgment affirmed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.