OPINION OF THE COURT
Wachtler, J.
The question on this appeal is whether two counts of an indictment which charge the defendant with criminally negligent homicide and assault in the third degree contain sufficient factual allegations to satisfy the requirements of CPL 200.50 (subd 7). The trial court and the Appellate Division found both counts deficient and the People have appealed.
On the evening of December 22, 1975 two teenage girls were struck by a hit-and-run driver in Westchester County. One of the girls, Cara Pollini, immediately died as a result of a broken neck; the other, Susan Bassett, was severely injured. Several days later the defendant, accompanied by an attorney, surrendered himself and the automobile to the police. A Westchester County Grand Jury subsequently returned a four-count indictment against the defendant. The first count charges him with criminally negligent homicide[1] as follows: "The defendant, in the Village of Briarcliff Manor, County of Westchester and State of New York, on or about December 22, 1975, with criminal negligence, caused the death of one Cara Pollini, while operating a 1967 Ford automobile and striking *577 said Cara Pollini with said automobile.” The second count charges the defendant with assault in the third degree[2] and alleges that at the same time and place the defendant "with criminal negligence, did cause physical injury to one Susan Bassett, by means of a dangerous instrument, to wit, a 1967 Ford automobile.” The last two counts of the indictment charge the defendant with leaving the scene of an accident, after hitting the two girls.
The defendant made a pretrial motion to dismiss the first two counts, principally on the ground that they failed to comply with the requirements of CPL 200.50 (subd 7) which states that an indictment must contain "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation”. Specifically he claimed that "the crux of each count is the required mental culpability known as 'criminal negligence’ and, other than a naked recitation of those statutory words, there is not the slightest factual indication of acts or conduct on behalf of the defendant that would raise his alleged conduct from civil negligence to criminal negligence.” The defendant also moved to dismiss these counts on the grounds that the evidence before the Grand Jury was not legally sufficient to sustain the charges and that the Grand Jury proceeding was defective. In the alternative the defendant requested a bill of particulars and discovery of certain photographs and scientific reports. The prosecutor consented to discovery and agreed to furnish the defendant with a bill of particulars describing, among other things, "how and by what manner or means the defendant is alleged to have acted with criminal negligence” but otherwise opposed the motion.
The trial court dismissed the first two counts on the ground that the evidence before the Grand Jury was legally insufficient. The court also found that the factual allegations were insufficient to advise the defendant of the "unlawful conduct complained of’, so as to enable him to prepare his defense. Principal reliance was placed on People v Barnes (44 AD2d *578 740) in which an indictment charging the defendant with criminally negligent homicide, without itemizing the negligent acts, was held not to satisfy the requirements of CPL 200.50 (subd 7). There the court noted that the Legislature had abolished the "short form” indictment and concluded that under the CPL section an indictment in which "the charges are alleged by a recitation of the language of the statute” would no longer be considered adequate.
The Appellate Division affirmed solely on the ground that these counts did not allege sufficient facts, without reaching the question of the legal sufficiency of the evidence submitted to the Grand Jury. The Appellate Division held that an indictment which "confines itself to the language of the statute” is valid unless the statutory language .would not fairly inform the accused of the nature of the charge preferred against him. Here, the court concluded, greater particularity is required because "merely stating in an indictment that death was caused by, or an assault occasioned through, 'criminal negligence’ * * * fails to apprise the defendant of the facts supporting those charges” (62 AD2d 885, 888, 889).
On this appeal the People argue that criminal negligence refers to the defendant’s state of mind and that "the allegation of the state of mind without a factual basis is sufficient.”[3]
Generally the mental element in an indictment may be alleged in the words of the statute, or equivalents, without setting forth the facts demonstrating the basis for the allegation. Thus where the statute defining the crime requires proof of a premeditated design, an allegation that the defendant acted "with a premeditated design” is sufficient without additional factual support. "[T]he manner in which the design was evinced, and the circumstances establishing it are matters of evidence to be proved on the trial * * * The conduct of the accused before and at the time of the transaction, the preparation made, and his lying in wait, his threats and declarations tending to show his intention in making the assault, with many other facts and circumstances which might be suggested, may be given in evidence upon the issue of premeditation, but it would be improper, and often impracticable, to spread them out in the indictment.” (Tully v People, 67 NY 15, 18-19.) In this case, then, if the indictment had alleged *579 that the defendant hit the victim with his automobile with intent to kill — instead of with criminal negligence — and thereby caused her death, there is no doubt that these factual allegations would be sufficient to support every element of the crime of murder.
Under the Revised Penal Law criminal negligence is listed as one of the "culpable mental states”, like intent but involving a lesser degree of culpability (Penal Law, § 15.05). Unlike intent, however, the criminal negligence concept does not refer only to a subjective state of mind. It also includes certain "underlying conduct”, namely conduct involving "(1) 'a substantial and unjustifiable risk’ that a result or circumstance described by a penal statute will occur or exists, as the case may be, and (2) 'a gross deviation’ from the standard of conduct or of care that a reasonable person would observe” (see Commission Staff Notes on the Proposed New York Penal Law, Gilbert Criminal Law and Procedure [1971], p 2-248). It is the combination of the defendant’s conduct, that is, the creation of a certain type of risk, together with his mental state, namely his failure to perceive the risk when there is a legal duty of awareness, which constitutes criminal negligence (see, e.g., People v Haney, 30 NY2d 328, 334; People v Cruciani, 36 NY2d 304; People v Stanfield, 36 NY2d 467, 470; People v Strong, 37 NY2d 568; People v Montanez, 41 NY2d 53). In short, it cannot be said that an allegation that the defendant acted with "criminal negligence” refers only to his state of mind.
The requirement that an indictment "contain * * * [a] plain and concise factual statement * * * supporting every element of the offense charged * * * with sufficient precision as to clearly apprise the defendant * * * of the conduct which is the subject of the accusation” (GPL 200.50, subd 7) presents special difficulties in cases involving criminal negligence. The underlying conduct creating the risk will obviously vary from case to case, and will often involve a complex set of circumstances which defy a concise statement. A complete itemization of all the circumstances might well produce an indictment more complex than the common-law form and restore the technical pleading and practice the statute was designed to avoid (see People v Iannone, 45 NY2d 589 [decided herewith]; People v Farson, 244 NY 413, 417).
On the other hand the defendant has the right to be informed of the conduct which forms the basis for the accusa *580 tion, primarily in order to prepare a defense (People v Iannone, supra). Thus a person accused of causing death or injury by acting with "criminal negligence” is entitled to know specifically what conduct on his part involved a "substantial and unjustifiable risk” of death or injury and "a gross deviation” from the standard of reasonable care (Penal Law, § 15.05, subd 4). That information, however, may be provided by a bill of particulars which is designed to insure that the defendant is supplied with sufficient information to properly prepare his defense (CPL 200.90). There is no requirement that the information be contained in a single document, provided the defendant is adequately and timely informed of the precise nature of the charges he must prepare to meet (People v Iannone, supra). An indictment charging the defendant with negligent homicide in the language of the statute, coupled with a bill of particulars setting forth the specific acts of negligence underlying the charge, has been held to satisfy the requirements of the long form indictment authorized under the Code of Criminal Procedure (People v Rice, 19 AD2d 911), and now mandated under the Criminal Procedure Law (see Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 200, pp 194-195).
We note that in many cases it may be feasible and advisable to set forth the specific acts of negligence in the indictment (see, e.g., People v Haney, 30 NY2d 328, 331, supra). When that is not done the defendant has the right to a bill of particulars which, as noted, has been tendered in this case. We simply hold that because this latter procedure is available the indictment, or the particular counts involved, are not subject to dismissal on the ground that the defendant has not been adequately advised of the nature of the charge and the conduct which is the basis of the accusation.
Accordingly the order of the Appellate Division should be reversed and the matter remitted to that court for consideration of the sufficiency of the Grand Jury evidence.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.

. Section 125.10 of the Penal Law states: "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person.”
Subdivision 4 of section 15.05 of the Penal Law provides: "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and justifiable risk that such result will occur or that such circumstance exists. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.”

. Subdivision 3 of section 120.00 of the Penal Law states that a person is guilty of assault in the third degree when "With criminal negligence, he causes physical injury to another person by means of a deadly weapon or dangerous instrument.”

. Neither the prosecutor nor the defendant argue the sufficiency of the Grand Jury evidence on this appeal. And, as noted, the Appellate Division found it unnecessary to reach that issue.