## (April 27, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HENREL INGRAM, Respondent.—Motion by the appellant to reargue an appeal from an order of the Supreme Court, Kings County, dated April 5, 1978, which dismissed with leave to resubmit, certain counts of two consolidated indictments which charged defendant with manslaughter in the second degree (four counts), criminally negligent homicide (four counts), assault in the second degree (two counts), assault in the third degree (four counts), and reckless driving (one count). On October 16, 1978, this court affirmed said order following *People v Fitzgerald* (62 AD2d 885), since reversed by the Court of Appeals (45 NY2d 574). Motion for reargument denied, and, upon the court's own motion, decision and order of this court both dated October 16, 1978, are recalled and vacated and the following decision substituted therefor: Appeal by the People from an order of the Supreme Court, Kings County, dated April 5, 1978, which dismissed, with leave to resubmit, 15 counts of two consolidated indictments against defendant. Order reversed, on the law, and the counts of the indictment are reinstated. The trial court dismissed four counts of manslaughter in the second degree, four counts of criminally negligent homicide, two counts of assault in the second degree, four counts of assault in the third degree and one count of reckless driving against the defendant. It dismissed said counts, not for insufficiency of evidence before the Grand Jury, but because defendant's mental state in the homicide and assault was set forth in the conclusory terms of "recklessly" and with "criminal negligence" and the conduct specified in the reckless driving count merely tracked the language of the statute (see Vehicle and Traffic Law, § 1190). In *People v Fitzgerald* (45 NY2d 574), the Court of Appeals held that failure to allege the particular conduct which evinced the alleged mental state does not render the counts of the indictment defective, since defendant may be provided with that information in a bill of particulars. Further, in *People v Iannone* (45 NY2d 589, 599), the court held that "When indicted for statutory crimes, it is usually sufficient to charge the language of the statute". In the instant case, the counts in question adequately identify the transactions which are the basis of the charges. Conse-

quently, said counts should be reinstated. Hopkins, J. P., Titone, Suozzi and Martuscello, JJ., concur.