OPINION OF THE COURT
Irving Lang, J.
Two unique issues are raised by the defendant’s attack on the validity of the indictment. The first is whether an indictment for hindering prosecution in the first degree is sufficient if it fails to indicate in any manner how the prosecution was hindered.
The second issue is whether the defendant can properly be charged with hindering prosecution if her act consisted of lying to the police when she denied that she was in a taxicab shortly before the cabdriver was murdered.
FACTS
The facts presented to the Grand Jury are as follows: On January 20, 1981, the body of Juan Antonia Almonte was discovered in Manhattan on 96th Street and the Henry Hudson Parkway. The death was caused by a gunshot wound to the face. At the time of his death, Almonte was a *411 cabdriver employed by the Concord Car Service Company. The deceased was last heard from at 5:52 a.m. on January 20, when he responded to a customer’s telephone call from a bar at 167th Street and River Avenue in The Bronx. Defendant Lorenzo and a patron were present in the bar at that time. The patron placed the telephone call for the defendant, informing the dispatcher that Lorenzo’s destination was 96th Street and Broadway. Approximately three days later, defendant Lorenzo told a witness that the driver who had responded to the call had been killed. When testifying before the Grand Jury, the witness stated that the defendant requested that, in the event of any inquiries by the police concerning her whereabouts on January 20, the witness should respond that the defendant left the bar earlier than she actually departed.
Detective Rudolph Hall was assigned to investigate the death of Almonte. When Hall interviewed the defendant, she stated that she left the bar at 3:00 a.m., that her destination was Tinton Avenue in The Bronx, and that she used the Borinquina Car Service Company. Lorenzo denied that she instructed the cabdriver to go to Broadway and 96th Street, and claimed that she did not use the Concord Car Service Company on the morning of January 20. The defendant’s responses during the investigation were inconsistent with the business records of the Concord and Borinquina cab companies, as well as with the testimony of other witnesses.
The Grand Jury returned an indictment against Evelyn Lorenzo for the crime of hindering prosecution in the first degree. The defendant has moved to dismiss the indictment on the ground that the document is insufficient on its face by failing to comport with the requirements of CPL 200.50 (subd 7, par [a]). In the alternative, the defendant has moved for inspection of Grand Jury minutes pursuant to CPL 210.30 and for dismissal of the indictment due to legally insufficient evidence presented to the Grand Jury pursuant to CPL 210.20 (subd 1, par [b]).
SUFFICIENCY OF THE INDICTMENT
cpl 200.50 (subd 7, par [a])
The language of the indictment returned by the Grand Jury is as follows: “The defendant, in the County of New *412 York, on or about January 23, 1981, rendered criminal assistance to a person who had committed a class A felony, to wit, murder in the second degree, knowing and believing that such person had engaged in conduct constituting a class A felony.”
The statute (Penal Law, § 205.65) reads as follows:
“§ 205.65 Hindering prosecution in the first degree
“A person is guilty of hindering prosecution in the first degree when he renders criminal assistance to a person who has committed a class A felony, knowing or believing that such person has engaged in conduct constituting a class A felony.”
It is the defendant’s contention that the indictment is jurisdictionally defective because it fails to comply with the requirements of CPL 200.50 (subd 7, par [a], Indictment; form and content). This section provides that an indictment must contain:
“A plain and concise factual statement in each count which, without allegations of an evidentiary nature,
“(a) asserts facts supporting every element of the offense charged and the defendant’s *** commission thereof with sufficient precision to clearly apprise the defendant *** of the conduct which is the subject of the accusation”.
Specifically, defendant Lorenzo contends that the indictment must be dismissed because it fails to allege both the nature ©f the criminal assistance rendered, and the person to whom such assistance was rendered.
In support of this motion, the defendant relies on the Appellate Division decision in People v Clough (43 AD2d 451). In Clough, the defendant was also indicted for hindering prosecution in the first degree. That indictment stated (supra, p 452): “The defendant, David Clough, in the County of Schenectady, on or about November 29, 1971, rendered criminal assistance to one Joseph Guerin, knowing and/or believing that the said Joseph Guerin had engaged in conduct constituting a Class A felony, to wit, Murder.’” The Appellate Division held (supra, pp 453, 454) that the Clough indictment was jurisdictionally defective on two grounds:
*413 (1) The indictment failed to allege all of the essential elements of the crime charged and
(2) The indictment failed to state facts with sufficient precision to notify the defendant of the conduct which was the subject of the accusation in violation of CPL 200.50 (subd 7, par [a]).
However, analysis of the two grounds discussed by the Clough court indicates that in the first instance, there is a significant difference between the Clough indictment and the instant indictment and that with respect to the second ground, there have been significant changes in recent case law substantially nullifying the Clough ruling.
With respect to the first ground, the Appellate Division in Clough (supra) compared the language of the indictment with the statutory language of section 205.65 of the Penal Law. The court stated that the plain and unambiguous terms of the statute require, as an element of the crime, that criminal assistance be rendered to one who has committed a class A felony. In the Clough indictment, however, this material element was completely omitted, warranting dismissal of the charges. In contrast, the indictment against defendant Lorenzo does not contain this deficiency. Rather, it alleges each and every element of the offense charged.
With respect to the second ground for dismissal of the Clough indictment, the Appellate Division held that the instrument was jurisdictionally defecti ve within the meaning of CPL 200.50 (subd 7, par [a]) because it did not contain any statement of facts as to how the defendant rendered criminal assistance. The indictment in the instant case does reflect a similar omission and would seem td fall within the Clough holding. However, the Court of Appeals, examining CPL 200.50 (subd 7, par [a]) in several recent cases has modified the Clough rationale and has established a clear trend toward acceptance of liberalized pleadings. For example, in People v Iannone (45 NY2d 589, 600-601), the court stated that “^Insufficiency in the factual allegations alone, as opposed to a failure to allege every material element of the crime, does not constitute a non waivable jurisdictional defect”. The court further *414 stated that “ ‘[a]s a general rule, the indictment need only allege where, when and what the defendant did’ ” (supra, p 598, citing Pitler, New York Criminal Practice Under the CPL, p 302). It is instructive to compare the indictment against defendant Lorenzo with that which was deemed sufficient by the Court of Appeals in lannone. The indictment in the present case carefully tracks and charges the defendant with all elements of the crime of hindering prosecution in the first degree and includes the date and location of the commission of the offense. In lannone, the defendant was indicted for criminal usury.[1] As in the instant case, the lannone indictment simply specified “each and every element of the crime of criminal usury, and allege[d] that the defendants committed the acts which constitute that crime at a specified place during a specified time period. No more is needed.” (People v Iannone, supra, p 599; emphasis added.)
The reasoning set forth in Iannone was again advanced by the Court of Appeals in People v Jackson (46 NY2d 721). In Jackson, the defendant was indicted for the crime of sodomy in the first degree.[2] The defendant sought to dismiss the indictment on the ground that it was legally insufficient because it failed to allege the exact nature of deviate sexual intercourse and the method of compulsion used. The Jackson court upheld the indictment, stating (p 723) that “[although inartfully drawn, the indictment does contain all the elements of the crime and therefore is not defective.”
Most recently, the Court of Appeals in People v Cohen (52 NY2d 584), followed the trend established in the Iannone and Jackson cases. In Cohen the defendant was indicted for *415 grand larceny and for failure to file New York State and local sales and use tax returns. The indictment merely stated that the defendant, by failing to file such returns for a specified time period violated subdivision (b) of section 1145 of the New York State Tax Law.[3] The defendant sought to dismiss the indictment on the ground that it was jurisdictionally defective for failing to allege the element of willfulness. Rejecting this claim, the Court of Appeals held (Cohen, supra, p 586) that “[t]he incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon * * * for conviction under the statute.”
These recent decisions involving defendants’ challenges to the sufficiency of a Grand Jury indictment thus reflect a clear movement away from requiring hypertechnical pleadings, where dismissals could cause lengthy representations to Grand Juries; resultant delay could be fatal to the prosecution and substantial justice be denied for want of the proverbial comma. Present policy of New York courts is to sustain the sufficiency of an indictment provided that it pass the rudimentary tests of:
(1) notification to the defendant of the crime for which he stands indicted and
(2) specification to the extent of alleging that the defendant committed each and every element of the offense charged.
The indictment issued against Evelyn Lorenzo clearly passes muster in light of these requirements. Notwithstanding that it fails to specify how, and to whom criminal assistance was rendered, the indictment is sufficient within the meaning of CPL 200.50 (subd 7, par [a]), as it *416 charges the defendant with all elements of the crime of hindering prosecution in the first degree.
This does not mean that Iannone (45 NY2d 589, supra) and its progeny have judicially nullified the requirements of CPL 200.50 (subd 7, par [a]), for the defendant does indeed have a remedy. The remedy which the defendant should have sought was not dismissal of the indictment pursuant to CPL 200.50 (subd 7, par [a]), but rather an amplification of the charges by requesting that the prosecution furnish a bill of particulars (CPL 200.90, Indictment; bill of particulars). This mode of amplification was considered by the Court of Appeals in Iannone (supra, pp 597-598) wherein it was noted that: “CPL 200.90 provides that ‘[i]f the court is satisfied that any or all of the items * * * requested are necessary to enable the defendant adequately to prepare or conduct his defense, it must grant the motion as to every such necessary item’ (emphasis added).”
The significance of this mechanism was also examined by the Court of Appeals in People v Fitzgerald (45 NY2d 574). The defendant in Fitzgerald was indicted for criminally negligent homicide and assault in the third degree.[4] A pretrial motion was made to dismiss the indictment on the ground that “‘the crux of each count is the required mental culpability known as “criminal negligence” and, other than a naked recitation of those statutory words, there is not the slightest factual indication of acts or conduct on behalf of the defendant that would raise his alleged conduct from civil negligence to criminal negligence.’” (Supra, p 577.) The Court of Appeals rejected this contention and upheld the sufficiency of the indictment, stating that although a person accused of acting with criminal negligence is entitled to know specifically what conduct constitutes a gross deviation from the required standard of care, such information may be provided by a bill of particulars. “There is no requirement that the infor *417 mation be contained in a single document, provided the defendant is adequately and timely informed of the precise nature of the charges he must prepare to meet”. (People v Fitzgerald, supra, p 580, citing People v Iannone, 45 NY2d 589, supra; cf. People v Jackson, 46 NY2d 721, supra; People v Cohen, 52 NY2d 584, supra.)
To summarize, given the availability to the defendant to seek a bill of particulars, and, in light of the recent trend reflecting a reluctance by the judiciary to dismiss an indictment due to facial factual insufficiency, the motion to dismiss the indictment under CPL 200.50 (subd 7, par [a]) is denied.
It must be noted, however, that a caveat to the use of liberalized pleadings is that the particulars which are not evident on the face of the indictment must be contained in the Grand Jury testimony. If the particulars which amplify an otherwise vague indictment with, respect to material elements of the crime are not reflected in the Grand Jury testimony, the indictment should be dismissed. This rule will protect the People from supertechnical dismissals and protect the defendant’s right to be indicted only on evidence presented to the Grand Jury.
SUFFICIENCY OF GRAND JURY MINUTES
Defendant Lorenzo has moved in the alternative for dismissal of the indictment pursuant to CPL 210.20 (subd 1, par [b]) on the ground of legally insufficient evidence presented to the Grand Jury.
Defendant Lorenzo has been charged with violation of section 205.65 of the Penal Law. An analysis of this provision by the Appellate Division in People v Clough (43 AD2d 451, 453, supra), indicates that three separate elements must coalesce in order that an indictment be sustained: “First, the actor must ‘render criminal assistance’ as that term is defined in section 205.50 of the Penal Law; second, the criminal assistance must be rendered to one who has committed a class A felony; and third, the actor must know or believe that such person has engaged in conduct constituting a class A felony” (cf. People v Bulger, 52 AD2d 682).[5] *418 Legally sufficient evidence was not presented to the Grand Jury in the instant case to satisfy the above criteria.
Simply stated, accepting that the defendant deceived the police as to her whereabouts shortly before the murder, there is no evidence linking her with the murderer. Her actions are consistent with a desire not to be involved in the absence of any link to the assassin. Her deceptions may not be good citizenship; are indeed suspicious, but do not meet statutory requirements for criminal liability.
The Grand Jury minutes therefore show that the evidence presented is not legally sufficient to establish the elements of the offense charged or any lesser included offense.[6] Therefore, the defendant’s motion to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [b]) is granted.[7]

. The indictment issued by the Grand Jury in Iannone (supra, p 592) was as follows: “ ‘AND THE GRAND JURY AFORESAID, by this Indictment, further accuse the above named defendants of the crime of CRIMINAL USURY, in violation of Section 190.40 of the Penal Law, committed as follows: The defendants, acting in concert and in aid of one another, from and between, in and about August of 1974 to December of 1974, in the County of Suffolk, not being authorized and permitted by law to do so, knowingly charged, took and received money as interest on a loan of a sum of money from a certain individual at a rate exceeding twenty-five percentum per annum and the equivalent rate for a shorter period.’ ”

. The indictment in Jackson (supra) charged the defendant with committing the crime of sodomy in the first degree under subdivision 1 of section 130.50 of the Penal Law “in that on or about April 20, 1975 he engaged in deviate sexual intercourse with the complainant (a fellow inmate in the county jail) by forcible compulsion.” (People v Jackson, supra, p 722.)

. In Cohen (supra, p 586) the indictment stated:
‘“THE GRAND JURY OF THE COUNTY OF NEW YORK by this Indictment, further accuses the defendants, PLAZA HEALTH CLUBS, INC. and JERRY COHEN a/k/a JUSTIN KORN, of the crime of failure to file a New York State and Local Sales and Use Tax Return in violation of the provisions of Section 1145(b) of the Tax Law of the State of New York, committed as follows:
“‘On or about September 20, 1976, in the County, City and State of New York, the defendants, PLAZA HEALTH CLUBS, INC. and JERRY COHEN a/k/a JUSTIN KORN, failed to file a New York State and Local Sales and Use Tax Return (Form ST-100) covering the operation of PLAZA HEALTH CLUBS, INC. for the period June 1,1976 to August 31, 1976 inclusive.’”

. The indictment issued by the Grand Jury in Fitzgerald (supra, pp 576-577) stated “'The defendant, in the Village of Briarcliff Manor, County of Westchester and State of New York, on or about December 22,1975, with criminal negligence, caused the death of one Cara Pollini, while operating a Í967 Ford automobile and striking said Cara Pollini with said automobile.’ ” With respect to the assault charge, the indictment stated (p 577) that “the defendant, ‘with criminal negligence, did cause physical injury to one Susan Bassett, by means of a dangerous instrument, to wit, a 1967 Ford automobile.’ ”

. “§ 205.50 Hindering prosecution; definition of term
*418 “As used in sections 205.55, 205.60 and 205.65, a person ‘renders criminal assistance’ when, with intent to prevent, hinder or delay the discovery or apprehension of, or the lodging of a criminal charge against, a person who he knows or believes has committed a crime or is being sought by law enforcement officials for the commission of a crime, or with intent to assist a person in profiting or benefiting from the commission of a crime, he:
“1. Harbors or conceals such person;'or
“2. Warns such person of impending discovery or apprehension; or
“3. Provides such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension; or
“4. Prevents or obstructs, by means of force, intimidation or deception, anyone from performing an act which might aid in the discovery or apprehension of such person or in the lodging of a criminal charge against him; or
“5. Suppresses, by any act of concealment, alteration or destruction, any physical evidence which might aid in the discovery or apprehension of such person or in the lodging of a criminal charge against him; or
“6. Aids such person to protect or expeditiously profit from an advantage derived from such crime.”

. Hindering prosecution in the second degree requires that the defendant render criminal assistance to a person who has committed a class B or class C felony (Penal Law, § 205.60). Hindering prosecution in the third degree requires that the defendant render criminal assistance to one who has committed a felony (Penal Law, §205.55). Since the People have failed to introduce evidence to the Grand Jury that Lorenzo rendered criminal assistance as that term is defined in section 205.50, these lesser included offenses have not been established.

. This decision in no way prohibits the District Attorney from granting the defendant immunity and requiring her to testify truthfully before the Grand Jury.