Milton A. Wiltse, J.
The defendant was convicted in this county of burglary in the third degree and petit larceny, after a trial by jury, on June 4,1953. Because of a prior felony conviction in Tompkins County, he was sentenced as a second offender to imprisonment in the Attica State Prison, for a term of not less than 5 years, nor more than 10 years.
Subsequently, the Tompkins County conviction was vacated, and he was resentenced under the June 4, 1953 conviction in Jefferson County, on February 9, 1955, to a term of not less than 3% years, nor more than 10 years, in Attica State Prison.
Thereafter, the defendant was released on parole. He returned to Jefferson County. In December of 1957, the Grand Jury indicted him for the crimes of burglary in the third degree and petit larceny, alleged to have been committed on November 25, 1957, at St. Patrick’s Catholic Church in Watertown. That was the same church in which the burglary of 1953 took place. He was convicted under the December, 1957 indictment of the crimes charged, after a trial by jury, and sentenced as a second felony offender on January 14, 1958, to a term of not less than 7% years, nor more than 15 years in Attica State Prison.
It is the conviction of June 4, 1953, upon which he was ultimately resentenced on February 9, 1955, that the defendant seeks herein to have vacated and set aside.
*226 The proceeding was instituted by notice of motion and supporting affidavit, which was answered by the District Attorney. An affidavit in reply was received from the defendant on January 9, 1961. Although the application is not designated as a motion for a writ of error cor am nobis, it is considered as such, in order to review the matters presented.
He alleges, ‘ ‘ that the Court had no jurisdiction to impose sentence upon defendant, due to the fact that the indictment failed to meet the requirements called for by law, failed to comply with the constitution, and that the crime charged, did not exist.”
He also sets forth that he was a member of the Roman Catholic Church at the time of the commission of the alleged crime, that he had a right to enter the church, ‘ ‘ thereby giving him protection from criminal prosecution for doing so ”, and that he could not be convicted of burglary upon breaking and entering a building which he had a lawful right to enter. He contends that the indictment should now be dismissed and the conviction vacated, because the indictment upon which he was tried did not allege facts concerning the nature and character of the offense.
The indictment was framed under sections 295-a, 295-b and 295-c of the Code of Criminal Procedure pertaining to simplified indictments. Section 295-c states: “ Statement of crime, what to contain. The statement of the crime shall contain the name of the crime, if it have one, such as treason, murder, arson, manslaughter, or the like, or if it be a misdemeanor, having no general name, such as libel, assault, or the like, a brief description of it, as is given by statute. The statement of crime may also contain a reference to the statute defining the crime.”
The indictment under which the defendant was convicted, reads as follows:
“ The Grand Jury of the County of Jefferson, by this indictment, accuse william seymour, of the crime of Burglary in the Third Degree, committed on or about the 23rd day of February, 1953, at the City of Watertown, in said County of Jefferson and State of New York,
“ SECOND COUNT
‘ ‘ And the Grand Jury aforesaid, by a second count in this indictment further accuse the said william seymour of the crime of Petit Larceny, committed on or about the 23rd day of February, 1953, in the City of Watertown, County of Jefferson and State of New York.”
The indictment appears to conform with the requirements of the statutes relating to a simplified indictment and is not *227 insufficient or defective. It is not necessary to allege all of the elements of the crime where this type of indictment is the basis of the charge. Neither was it necessary for the District Attorney to set forth the particular subdivision defining the crime of burglary in the third degree, with which the defendant was charged. (People v. Rosen, 251 App. Div. 584, affd. 275 N. Y. 627.)
Even though the indictment is deemed sufficient to properly charge the defendant with burglary in the third degree, it might be mentioned, as the District Attorney has pointed out in his answering affidavit, that the burglary charge here was based upon subdivision 2 of section 404 of the Penal Law. That entire section states:
“ Burglary in third degree. A person who:
‘ ‘ 1. With intent to commit a crime therein, breaks and enters a building, or a room, or any part of a building; or
“ 2. Being in any building, commits a crime therein and breaks out of the same,
‘1 Is guilty of burglary in the third degree. ’ ’
A conviction under subdivision 2 may be had, and would not require the same type of proof necessary under subdivision 1. The defendant has contended that he did not break and enter St. Patrick’s Church with the intent to commit a crime therein, because of his legal right to enter the same, by reason of his religion. Under some circumstances, it is true, a burglary conviction may not be predicated upon the breaking and entering of a building, which a defendant had a lawful right to enter.
This defendant, however, was convicted of burglary in the third degree, based upon subdivision 2 of the section quoted. The defendant must have been cognizant of this. Although the stenographic minutes of the trial have never been transcribed, the record made by the court, of pertinent portions of the testimony, and motions made by counsel, shows that the defense counsel moved that the prosecution elect under which subdivision of the section defining burglary in the third degree, it was proceeding. The District Attorney then stated that he was proceeding under subdivision 2 of section 404 of the Penal Law, charging burglary in the third degree.
Breaking out of a building after having committed larceny therein constitutes burglary in the third degree, under subdivision 2 of section 404 of the Penal Law. (People v. Meyer, 162 N. Y. 357 ; People v. Toland, 217 N. Y. 187.)
However, assuming that the contention of the defendant that the indictment was defective is correct, it is not believed that this could now be attacked by a motion to dismiss the same, or *228 a motion for a writ of error coram nobis seeking to vacate the judgment of conviction. The defect, if any, would be apparent on the record. (People v. Eastman, 306 N. Y. 658 ; People v. Sadness, 300 N. Y. 69 ; People v. Kendricks, 300 N. Y. 544 ; People v. Costello, 8 N Y 2d 954.)
A similar conclusion was reached upon a prior application of the defendant for a writ of error coram nobis, in this court in 1957 (People v. Seymour, 161 N. Y. S. 2d 261). That application was based upon grounds very much the same as those relied upon here.
The defendant has asked for a hearing on his application. Since the questions involved are matters of law, and all of the pertinent records are before the court, the hearing asked for is denied.
The application of the defendant, for a dismissal of the indictment and the setting aside and vacating of the judgment of conviction, should be denied in all respects. An order to conform with the above may be entered.