■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL QUINTANA, Appellant.—Appeal from a judgment of the County Court of Greene County, rendered June 27, 1978, upon a verdict convicting defendant

of promoting prison contraband in the first degree, promoting prison contraband in the second degree and criminal possession of a controlled substance in the seventh degree. Defendant was an inmate at Coxsackie Correctional Facility when, on July 5, 1977, he was found in possession of an object resembling a homemade ice pick and two marihuana cigarettes. In a three count indictment, defendant was charged with promoting prison contraband in the first degree, promoting prison contraband in the second degree and criminal possession of a controlled substance in the seventh degree. Following a jury trial, defendant was convicted on all counts and this appeal ensued. Initially, defendant contends that he was denied a fair trial by the court's repeated references to the object he was charged with possessing as being a "weapon" or "contraband" and by the court's permitting witnesses to refer to the object in such manner. Defendant maintains that such references served to remove from the jury's consideration the question of whether the object was dangerous contraband within the meaning of section 205.25 of the Penal Law. Upon a review of the record we find that there were few such references and that the court properly charged the jury that it was for them to determine whether the object in defendant's possession was dangerous contraband within the meaning of the statute. We are also of the opinion that the record contains overwhelming proof of defendant's guilt and that there is no significant probability that the jury would have acquitted absent the references in question. Consequently, any error committed by the court in this regard was harmless (*People v Crimmins,* 36 NY2d 230). Defendant also argues that the court erred in denying his motion to dismiss the indictment at the close of the prosecution's case on the ground that there was no proof of compliance with section 138 of the Correction Law. We disagree. Subdivision 5 of section 138 of the Correction Law provides that no inmate be disciplined except for violation of a published and posted written rule or regulation, a copy of which has been provided the inmate. We are not concerned here with discipline for a violation of an institutional rule or regulation. Defendant was indicted for and convicted of crimes involving conduct proscribed by the Penal Law. Section 138 of the Correction Law is, therefore, inapplicable. Accordingly, the judgment must be affirmed. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.