OPINION OF THE COURT

Per Curiam.

Defendant was indicted for grand larceny and for failure to file New York State and local sales and use tax returns. He pleaded guilty to the following count, typical of those charging failure to file tax returns:
“THE GRAND JURY OF THE COUNTY OF NEW YORK by this Indictment, further accuses the defendants, PLAZA HEALTH CLUBS, INC. and JERRY COHEN a/k/a JUSTIN KORN, of the crime of failure to file a New York State and Local Sales and Use Tax Return in violation of the provisions of Section 1145(b) of the Tax Law of the State of New York, committed as follows:
“On or about September 20, 1976, in the County, City and State of New York, the defendants, PLAZA HEALTH CLUBS, INC. and JERRY COHEN a/k/a JUSTIN KORN, failed to file a New York State and Local Sales and Use Tax Return (Form ST-100) covering the operation of PLAZA HEALTH CLUBS, INC. for the period June 1, 1976 to August 31, 1976 inclusive.” He now seeks our reversal of the order of the Appellate Division affirming his conviction, on the ground that the indictment was fatally defective for failure to allege the element of willfulness.
The present indictment fulfilled the jurisdictional requirements of an indictment by its specific allegations that the defendant failed to file a New York State tax form, and that his failure violated the terms of a specific statute designated by name and section (People v Iannone, 45 NY2d 589, 599). The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon, if any, for conviction under that statute. The defendant’s argument both before and since his plea that the *587 indictment was jurisdictionally insufficient is therefore without merit.
Moreover, it is unrealistic now for the concurring opinion to splinter the analysis of the many charges in this case, which involved a multicount indictment clearly indicating that the People intended to prove willfulness, and allow a challenge to the one count to which a plea was taken on the theory that that particular count provided insufficient notice. In fact viewing the matter in its entirety there can be no reasonable assertion of a lack of notice. The technical argument defendant now seeks to raise arises only because of the narrowing of focus due to the plea to one count.[1]
It was, of course, open to defendant to move to dismiss the indictment for failure to meet the requirements of CPL 200.50 or to seek a bill of particulars of the charge on which he was indicted. Any argument, however, that the indictment in this case was deficient as failing to meet the requirements of CPL 200.50 or as failing to give more detailed notice of the offense charged than that furnished by the jurisdictionally sufficient indictment was waived by defendant’s plea of guilty (cf. People v Kazmarick, 52 NY2d 322; People v Clairborne, 29 NY2d 950, 951).[2]
Accordingly, the order of the Appellate Division should be affirmed.

. Indeed, the" defendant even sought to plead to unwillful failure to file a return and the court refused to accept it.

. In the view we take of this appeal it is unnecessary in this case to consider whether willfulness is an element of the violation of subdivision (b) of section 1145 of the Tax Law, and thus whether our decision in People v Cooper (24 NY2d 877) should be reexamined. Resolution of that question would better await a case in which we might have the benefit of the views of the State Tax Commission, the agency charged with responsibility for administration of the statute.