OPINION OF THE COURT
John V. Vaughn, J.
Defendants are charged with conspiracy, second degree (first count), murder, second degree (second count) and promoting prison contraband in the first degree (third count). The People have moved to amend the second count of this indictment which charges the defendants with murder in the second degree, to include an allegation of “intent to cause the death of Steve Kizer”. Only the defendants Marino and Carmona have opposed the motion. In addition, defendant Carmona has cross-moved to dismiss counts II and III of the indictment upon the grounds that they are jurisdictionally defective.
*1046 In support of the application, the District Attorney alleges that the evidence before the Grand Jury supported the charge of intentional murder and that the Grand Jury was instructed on the requirement of “intent” for that crime. He argues that the proposed amendment does not change the theories of the People’s case, or prejudice the defendants, and thus, it should be allowed in order to correct an obvious “ministerial” error. Both defendants argue that the proposed amendment would change the theory of the prosecution, and that the People lack the authority to amend because the count is jurisdictionally defective.
At common law, there was no power to amend an indictment prior to trial because it was presumed that such power would impair the integrity of the Grand Jury (see People v Van Every, 222 NY 74; People v Motello, 157 App Div 510). To alleviate the rigidity of the rule and eliminate technical defenses by defendants, the Legislature enacted a statute permitting the limited amendment of indictments (People v Motello, supra; People v Clark, 8 NY Crim Rep 169). This right of amendment must be construed in light of the New York State constitutional requirement that all indictments or felonies emanate from the Grand Juries (NY Const, art I, § 6). The present statute, authorizing amendments of indictments, provides (GPL 200.70):
“1. At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not * * * otherwise tend to prejudice the defendant on the merits.
“2. An indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it; nor may an indictment or superior court information be amended for the purpose of curing:
“(a) A failure thereof to charge or state an offense; or
“(b) Legal insufficiency of the factual allegations”.
*1047 It is apparent that the proposed amendment does not change the theory of the case and will not surprise or prejudice the defendants. Both the initial indictment and the proposed amended count charge the defendants with murder in the second degree. However, as the defendants argue, there is a serious question as to whether the amendment is precluded under CPL 200.70 (subd 2), because the count in the indictment fails to allege a crime.
The resolution of this issue requires consideration of the statute dealing with the requirements of an indictment, together with applicable case law (CPL 200.50). Under that statute, to be sufficient, an indictment must, among other things, contain a plain and concise factual statement in each count without allegations of an evidentiary nature asserting facts supporting every element of the offense charged, and the defendants’ commission thereof (CPL 200.50, subd 7). In addition, where intent is an essential element of the crime, it is necessary that it be alleged distinctly and precisely and be supported by factual allegations or the indictment is jurisdictionally defective (People v Santoro, 229 NY 277; People v Jackson, 88 AD2d 604; see People v Easton, 307 NY 336). Despite the specific requirement and language of the statute, the modern trend is towards liberal construction and flexibility (People v Morris, 61 NY2d 290) and the court has held that an indictment pleaded in the language of the statute is sufficient where it can be amplified by a bill of particulars (People v Iannone, 45 NY2d 589; People v Fitzgerald, 45 NY2d 574) and the mere incorporation of the statute by specific reference to it in the indictment operates without more, to constitute an allegation of all the elements of the crime required by the explicit provision of the statute and judicial case law (People v Cohen, 52 NY2d 584). In the present indictment there is no allegation of “intent” in count II, but there is a reference to the crime of murder in the second degree and the stabbing of a specified person on a particular date. It thus serves its function of apprising the defendants of the nature of the charge and their conduct, and to prevent any reprosecution for the same crime (People v Morris, supra). The court finds that the reference to murder in the second degree and the stabbing are the equiva *1048 lents of and incorporate the requisite mental element (People v Cohen, supra; People v Fitzgerald, supra, p 578).
In addition, a review of the Grand Jury minutes discloses that the Grand Jury was properly instructed on the requirement of intent. There are a number of cases which, in support of the People’s position, have considered the Grand Jury minutes in connection with a motion to amend an indictment. In People v Heaton (59 AD2d 704), this court, after reviewing the Grand Jury minutes, held that it was permissible to amend an indictment charging sale of a controlled substance to read “ ‘quantity of heroin’ ” instead of “ ‘cannabis sativa’ ”, indicating that the defendant was not surprised or prejudiced by the amendment. In People v Murray (92 AD2d 617) the court, noting that the Grand Jury minutes supported the application, approved the amendment of a count in the indictment to include attempted robbery as well as robbery as the underlying felony murder charge. In People v Ganett (51 NY2d 991) the court approved the amendment of an indictment to change the name of the defendant to his true name, where the evidence before the Grand Jury supported it. In People v Baker (46 AD2d 377, 382) the court, without any reference to the Grand Jury minutes, approved the amendment of an indictment charging manslaughter in the first degree to read “ ‘caused the death of’ ” instead of “ ‘caused such injury to’ ” where the indictment itself alleged that the crime was manslaughter in the first degree. Here, as in Baker (supra), the original indictment refers to the crime of murder in the second degree and the defendants causing the death of a named individual. Thus, the proposed amendment to the indictment should be permitted because the original indictment sufficiently apprised the defendants of their conduct as well as the fact that the amendment is supported by the Grand Jury minutes.
However, the court notes that even the proposed amendment to the indictment is insufficient in that it fails to allege that an offense charged was committed in Suffolk County (GPL 200.50, subd 5). It is apparent from the record that this defect is also the result of an oversight and the proposed amendment will be permitted to include the required allegation of venue in Suffolk County. The Dis *1049 trict Attorney has also become aware of this deficiency in the proposed amendment, and in a supplemental affidavit, dated May 10, 1984, has requested that the proposed amendment include an allegation of venue in Suffolk County.
Defendant Carmona’s additional request to dismiss count III of the indictment upon the ground that it is defective, by failing to describe the “dangerous contraband” is denied. This count is drawn in the language of the statute, and the requested information can be furnished by means of a bill of particulars (People v Iannone, 45 NY2d 589, supra; People v Fitzgerald, 45 NY2d 574, supra).
Accordingly, the People’s application to amend count II of the indictment is granted as indicated, and the defendants’ cross motion to dismiss counts II and III is denied.