■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTERFIELD WRIGHT, Appellant.—Judgment reversed, on the law, and indictment dismissed, with leave to the People to resubmit the charges to another Grand Jury. Memorandum: The indictment charging defendant with burglary in the third degree in violation of Penal Law § 140.20 alleged that defendant "knowingly entered or remained in a building, to wit, 19 Henry Street, with intent to commit a crime therein", thus omitting the allegation that the entry was *unlawful,* a necessary element of the crime. That defendant challenges the indictment on this ground for the first time on appeal is of no moment. "It is a fundamental and nonwaivable jurisdictional prerequisite that an [indictment] state the crime with which defendant is charged * * * [and that] every element of the offense charged and the defendant's commission thereof must be alleged (CPL 100.40, subd 1, par [c]; 100.15, subd 3)" *(People v Hall,* 48 NY2d 927; *see also, People v Iannone,* 45 NY2d 589). In view of the omission of this fundamental element, the judgment of conviction must be reversed and the indictment dismissed.

All concur, except Callahan, J., who dissents and votes to affirm the judgment, in the following memorandum.

Callahan, J. (dissenting). I would affirm. Defendant maintains that the failure of the indictment to allege "unlawfulness", one of the elements contained in the statutory definition of burglary (Penal Law § 140.20), creates a nonwaivable jurisdictional defect that requires reversal. The Court of Appeals disagrees *(see, People v Cohen,* 52 NY2d 584).

The right to indictment by a Grand Jury before being tried for an infamous crime is explicitly guaranteed by NY Constitution, article I, § 6 *(People v Iannone,* 45 NY2d 589, 593). CPL 200.50 (7) (a) mandates that an indictment contain a plain and concise factual statement which "asserts facts supporting every element of the offense charged". However, no particular form of indictment is constitutionally mandated *(People v Iannone, supra,* pp 593-594). What is required is that the defendant be afforded fair notice of the charges made against him, so that he can prepare a defense and in order to avoid subsequent attempts to retry him for the same crime or crimes. "[V]iewing [this record] in its entirety there can be no reasonable assertion of a lack of notice" *(People v Cohen, supra,* p 587). On a prior appeal taken by the People in this case, we found sufficient evidence in the record to establish that entry to the building was made through a cellar window that had been pushed inward, triggering a silent burglar alarm and, in our view, there was sufficient proof from which the jury could infer beyond a reasonable doubt that defendant's entry into the building was effectuated with the intent to commit a crime therein *(People v Wright,* 92 AD2d 722).

It appears that omission of the word "unlawfully" from the indictment herein was a "ministerial" error *(see, People v Carmona,* 124 Misc 2d 1045) which appears to have been overlooked by both sides. Defendant never made a pretrial motion to dismiss the indictment for failure to meet the requirements of CPL 200.50, nor did the People ever move to amend the indictment. In my view, since the indictment charged defendant with burglary in the third degree in violation of Penal Law § 140.20, it sufficiently incorporated the statutorily defined elements, including "unlawfulness", and thus the indictment was not jurisdictionally defective *(People v Cohen, supra).*

Furthermore, in view of our previous holding and in view of the overwhelming proof of guilt, why should it be necessary to present this matter to another Grand Jury for an indictment which will contain the word "unlawful"? (Appeal from judgment of Monroe County Court, Maas, J.—burglary, third degree, and attempted petit larceny.) Present—Hancock, Jr., J. P., Callahan, Denman and O'Donnell, JJ.