OPINION OF THE COURT
 

 Memorandum.
 

 In each case, the order of the Appellate Division should be affirmed.
 

 Each defendant pleaded guilty to attempted promoting prison contraband in the first degree in the full satisfaction of an indictment charging promoting prison contraband in the first degree and received a negotiated sentence.
 

 "A guilty plea represents a compromise or bargain struck after negotiation between the defendant and the People. It is meant to mark the end of a criminal case, not a 'gateway’ to further litigation”
 
 (People v Prescott,
 
 66 NY2d 216, 219,
 
 cert denied
 
 — US —, 106 S Ct 1804). Thus, a plea of guilty generally precludes appellate review of nonjurisdictional de
 
 *872
 
 fects in the proceedings
 
 (People v Fernandez,
 
 67 NY2d 686, 688;
 
 People v Prescott,
 
 66 NY2d 216, 220,
 
 supra).
 
 Though a challenge to a jurisdictional defect in an indictment may be made notwithstanding a guilty plea, not every alleged defect is jurisdictional. As noted in
 
 People v Iannone
 
 (45 NY2d 589, 600): "In essence, an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime.”
 

 The statute defining the offense charged in each case is Penal Law § 205.25 (2), which provides: "A person is guilty of promoting prison contraband in the first degree when * * * 2. Being a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband.” The indictment in each case cites the statute by section number and alleges acts which, if proven, would have established the statutory elements of the crime.
 

 In
 
 People v Cohen
 
 (52 NY2d 584, 586), we held that "[t]he incorporation [in an indictment] by specific reference to the statute [defining the crime charged] operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon”
 
 (see also, People v Wright,
 
 67 NY2d 749,
 
 revg on dissent at
 
 112 AD2d 38, 39). Although the statute defining the crime charged in this case does not define dangerous contraband, it is not judicial gloss, but another statute, Penal Law § 205.00 (4) that does, indicating that it is "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein.” As in
 
 Cohen (supra),
 
 here incorporation by reference of the statute defining the crime charged constituted allegations of the elements of the crime and their statutory definitions.
 

 The "contraband” component of "dangerous contraband” is further defined in Penal Law § 205.00 (3), which in turn refers to provisions of a "statute, rule, regulation or order”, and defendants claim the controlling rule or regulation may be ineffective because it was not filed as required
 
 (see, e.g., Matter of Jones v Smith,
 
 64 NY2d 1003). As contrasted with
 
 Matter of Jones v Smith (supra),
 
 the failure in this case to file does not nullify the very basis of the proceeding. The enactment on which the criminal action is based is a statute incorporating the substance of the rule or regulation, and not the regulation itself.
 

 We note also that defendants do not claim lack of adequate
 
 *873
 
 notice that the sharpened metal shank or rod each was charged with knowingly and unlawfully possessing was prohibited. Consideration of defendants’ present nonjurisdictional challenges to their indictments is therefore precluded by their guilty pleas.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
 

 In each case: Order affirmed in a memorandum.