■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMAR McMILLAN, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 11, 1985, convicting defendant upon

his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, then an inmate at Elmira Correctional Facility, was indicted for promoting prison contraband in the first degree based upon his alleged possession of an eight-inch metal shank. He pleaded guilty to a reduced charge and was sentenced to a term of 1½ to 3 years' imprisonment, to run consecutively with the term he was then serving. Defendant appeals that judgment, claiming, *inter alia,* that the State did not provide him with a copy of the appropriate rule book defining contraband, thereby violating Correction Law § 138 (2), (3) and (5) and his constitutional right to due process.

Defendant's appeal fails for several reasons. First, his guilty plea effects a waiver of nonjurisdictional defects such as the one asserted here *(see, People v Brown,* 123 AD2d 473, 474; *see also, People v Motley,* 69 NY2d 870). Second, Correction Law § 138 is concerned with discipline for violations of institutional rules and is not applicable to prosecutions for statutory violations *(People v Quintana,* 71 AD2d 764, 765). Third, the regulations incorporated by reference into the statute defendant was charged with violating (Penal Law § 205.25 [2]; § 205.00 [4]) were filed with the Secretary of State prior to the alleged infraction by defendant (NY Const, art IV, § 8). Further, defendant's claim, advanced for the first time on appeal, that he did not receive the institutional regulations which are routinely distributed to prisoners *(see, People v Jones,* 134 AD2d 701, 703) finds no basis in the record. Furthermore, during the plea colloquy, defendant, who had been convicted once before on the charge of attempted promoting prison contraband, admitted knowing that a shank found in his possession was contraband *(see, People v Motley, supra,* at 872-873). We therefore find no due process violation.

We have considered defendant's other contentions and find them also lacking in merit.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.