■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BOTSHON, Appellant.—Judgment affirmed. Memorandum: Defendant entered a plea of guilty to the crime of attempted tampering with physical evidence in satisfaction of an indictment charging him with the crime of tampering with physical evidence. As a part of the plea agreement, the prosecutor consented to, and the court approved, a further agreement "that the defendant will have the right to appeal the question of whether the offense charged in the indictment constitutes the crime of tampering with physical evidence under the Penal Law Section 215.40." It is defendant's claim that the acts alleged in the indictment do not constitute the crime charged and the indictment is, therefore, jurisdictionally defective. We disagree.

Penal Law § 215.40 (2) provides that

"A person is guilty of tampering with physical evidence when * * *

"2. Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person."

The indictment alleges a violation of that statute, and further alleges that "the defendant, on or about June 19, 1984, believing that certain physical evidence to wit, original employment application forms of Attentive Care of Rochester Inc., were about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppressed such evidence

*[sic]* by an act of deception: knowing that said employment application forms had been altered so as to obscure information material to the then pending official proceeding, the defendant produced photocopies of said employment application forms intending that, by said production of photocopies, he could avoid production of the originals and discovery that said originals had been so altered."

The indictment thus makes specific reference by name and section to the statute allegedly violated, and alleges the commission of each of the elements of the crime. The inclusion of those allegations satisfies the jurisdictional requirements for indictments *(People v Motley* 69 NY2d 870; *People v Cohen,* 52 NY2d 584; *People v Iannone,* 45 NY2d 589), and distinguishes this case from those where an essential element is not specified in the accusatory instrument *(see, People v Hall,* 48 NY2d 927, *rearg denied* 49 NY2d 918; *People v Case,* 42 NY2d 98; *People v Harper,* 37 NY2d 96, 99; *People v McGuire,* 5 NY2d 523, 525; *People v Colloca,* 57 AD2d 1039).

At defendant's plea allocution the following statements were recorded:

"THE DEFENDANT: Around June 19th, 1984, in answer to a subpoena from the Attorney General's Office for my original employment application forms or records, I produced photocopies of these forms. I knew that the originals had previously been altered to white out some improper racial coding. I produced photocopies on my lawyer's advice which did not show, because of the Xerox process, the whited out portions on the originals. When the Attorney General's Office later demanded, the originals were produced.

"MR. STEINMAN: Did you know when you sent in the photocopies that the originals had been altered; is that correct?

"THE DEFENDANT: Yes.

"MR. STEINMAN: Okay. And, did you know that the fact of such alteration would not appear from merely looking at the photocopies?

"THE DEFENDANT: Yes.

"MR. STEINMAN": Okay. And was it your intent at that time that the fact of such alteration would not be known to anyone who looked at the photocopies rather than the originals?

"THE DEFENDANT: Yes.

"MR. STEINMAN: Okay. And, were you aware, as I said, that the Attorney General's Office was commencing an investigation proceeding relative to the employment practices of the Attentive Care?

"THE DEFENDANT: Yes."

This case falls within the rule enunciated in *People v Thomas* (53 NY2d 338, 340) as follows: "The legal sufficiency of a conceded set of facts to support a judgment of conviction entered upon a guilty plea may not be saved for appellate review by conditioning the plea on defendant's right to appeal that issue, even though the prosecutor consents to, and the Trial Judge approves, the entry of such a conditional plea."

Accordingly, no effect may be given to the agreement to condition defendant's plea on a right to appeal *(People v Thomas, supra; see also, People v O'Brien,* 56 NY2d 1009). We note, however, that defendant's argument addressed to the constitutionality of Penal Law § 215.40 is without merit.

The dissenter would conclude that defendant's deceptive conduct, which was designed to conceal the true nature of the original records and thus, as admitted by his plea of guilty, to prevent the production or use of those original records, was merely "not in compliance with the terms of the subpoena". The critical issue on this appeal, however, is whether the indictment fails to allege an essential element of the crime charged. One searches the dissent in vain for a response to that issue. Instead, the dissenter suggests that the crime was not committed unless the defendant "altered any of the originals [or] directed that such alterations be made" after the subpoena was served. That suggestion ignores the clear mandate of the statute and adds elements to the crime which are not found in the statutory language.

All concur, except Callahan, J., who dissents and votes to reverse and dismiss the indictment, in the following memorandum.

Callahan J. (dissenting). I respectfully disagree. In my view, defendant's conduct, as charged in the indictment, does not constitute the crime of tampering with physical evidence as defined by Penal Law § 215.40. Defendant's alleged criminal conduct arises out of an investigation being conducted by the Attorney-General's office into the employment practices of defendant's corporate business. Specifically, it was alleged that employment applications of defendant's company were coded so as to indicate the race of the applicant. The Attorney-General's office issued defendant a subpoena directing him to deliver certain corporate records, including the "original" employment applications. Prior to receiving this subpoena, the improper code had been "whited-out" on the original employment applications. In response to the subpoena, defendant on

the advice of his attorney, caused *photocopies* of the employment applications to be delivered, which photocopies effectively hid the "whited-out" alteration on the originals. The original employment applications were later produced upon the renewed demand of the Attorney-General.

The indictment charged defendant with the crime of tampering with physical evidence in violation of Penal Law § 215.40 committed as follows: "the defendant, on or about June 19, 1984, believing that certain physical evidence to wit, original employment application forms of Attentive Care of Rochester Inc., were about to be produced or used in an official proceeding or a prospective proceeding, and intending to prevent such production or use, he suppressed such evidence *[sic]* by an act of deception: knowing that said employment application forms had been altered so as to obscure information material to the then pending official proceeding, the defendant produced photocopies of said employment application forms intending that, by said production of photocopies, he could avoid production of the originals and discovery that said originals had been so altered."

I agree with the majority that an indictment which makes specific reference by name and section to the statute allegedly violated and which alleges the commission of all the elements of the crime satisfies the jurisdictional requirements for an indictment *(People v Wright,* 67 NY2d 749, *revg for reasons stated in dissenting mem of Callahan, J.,* 112 AD2d 38, 39; *People v Cohen,* 52 NY2d 584). However, we are not concerned here with form, but rather with substance. The Court of Appeals has held that an indictment is jurisdictionally defective if "the acts it accuses defendant of performing simply do not constitute a crime" *(People v Iannone,* 45 NY2d 589, 600; *People v Cohen, supra,* at 591; *People v Case,* 42 NY2d 98). In my view, this indictment is fatally and jurisdictionally defective because the acts it accuses defendant of performing do not constitute a crime.

It is significant to note that the tampering alleged here is not the alteration of the original employment applications by "whiting-out" the code placed on them. The prosecution concedes that such alterations were made on the originals before the subpoena was served. There is no claim that defendant altered any of the originals nor directed that such alterations be made. Rather, the tampering alleged in the indictment relates only to defendant's actions in furnishing photocopies of the employment applications which allegedly concealed the "whited-out" alteration on the originals. Thus, defendant's

actions in furnishing photocopied records, while not in compliance with the terms of the subpoena which could subject him to appropriate sanctions for contempt, is not an act which constitutes the crime of tampering with physical evidence, viz., the original records.

My disagreement with the majority consists of the fact that defendant, in pleading guilty to the charge as described in this indictment, is accepting punishment for conduct which does not constitute a crime. This is, of course, unacceptable under our system of jurisprudence *(People v Cohen, supra,* at 592 [Gabrielli, J., concurring]; *People v Briggins,* 50 NY2d 302, 309; *People v Case, supra).*

Moreover, I cannot agree with the majority's conclusion that defendant has waived his right to appellate review of the jurisdictional validity of this indictment. Here, unlike either *Cohen* or *People v Thomas* (53 NY2d 338), defendant timely moved to dismiss the indictment on the ground that the factual allegations of the indictment failed to make out the crime of tampering with physical evidence. That motion was denied by the trial court. Thus, his actions in conditioning his plea of guilty were in all respects consistent with his prior timely challenge to the sufficiency of the factual statements in the indictment. Accordingly, I conclude that he properly preserved this issue for appellate review *(see, People v Cohen, supra,* at 587; *People v Iannone, supra,* at 600) notwithstanding his plea of guilty. Since I conclude that the acts this indictment accuses defendant of performing do not constitute the crime of tampering with physical evidence, I would reverse and dismiss the indictment. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—attempted tampering with physical evidence.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.