766 P.2d 1283

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert DENTON, Defendant–Appellant.**

**No. 17190.**

Court of Appeals of Idaho.

Jan. 4, 1989.

William J. Tway (Tway & Rosenheim), of Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Robert Denton seeks our review of an appellate decision of the district court, upholding a judgment of conviction for driving under the influence of alcohol, in violation of Idaho Code § 18–8004. The sole issue is whether the Idaho Uniform Citation, used as the state's complaint in this case, adequately informed Denton of the charge against him. We hold that it did.

The citation contained a police officer's certification that he had reasonable cause to believe Denton committed the act of "driving under the influence" at a specified time and place. After his trial in the magistrate division, Denton attacked the sufficiency of the citation, claiming that the phrase "driving under the influence" did not describe a crime. He further argued that this defect could be raised at any time because it was "jurisdictional." Because we believe the citation was valid, we need not address the issue of jurisdiction.

A criminal complaint is sufficient if it states "the essential facts constituting the offense charged." I.C.R. 3. Similarly, an indictment or information must set forth "a plain, concise and definite written statement of the essential facts constituting the offense charged." I.C.R. 7(b). Idaho Code § 19–1418(6) provides that the charge must be described in "ordinary and concise language," and I.C. § 19–1416 provides that the words used shall be "construed in their usual acceptance in common language." Moreover, I.C. § 19–1417 allows the words chosen to differ from the statute defining the offense, so long as the "same meaning"

is conveyed. In addition, I.C. § 19–1417 provides that any defect or imperfection in form, which does not prejudice a substantial right of the defendant, does not render the charge invalid. Although these statutory provisions directly govern indictments, they embody standards applicable to charging instruments generally. The standards are consistent with the constitutional mandate that a charge must be stated with sufficient particularity to enable the defendant to prepare a defense and to protect himself against subsequent prosecution based on the same conduct. *State v. Darbin,* 109 Idaho 516, 519, 708 P.2d 921, 924 (Ct.App.1985); U.S.CONST. amend. VI; IDAHO CONST., art. 1, § 13.

Reviewing the citation in this case, under these standards, we are convinced that it was valid. The phrase "driving under the influence" has become part of the popular lexicon for drinking and driving. It is widely understood in common parlance to mean driving under the influence of alcohol. (We need not decide today whether it is also popularly understood to embrace driving under the influence of drugs or other intoxicating substances.) In addition, the citation referred to I.C. § 18–8004, which enumerates alcohol as a prohibited source of "influence." Although this statutory reference would not have been sufficient standing by itself in the charging instrument, it gave further clarity to the narrative description of the offense. *People v. Cohen,* 52 N.Y.2d 584, 439 N.Y.S.2d 321, 421 N.E.2d 813 (1981). Finally, the factual circumstances surrounding the issuance of the citation would have narrowed any possibility of genuine doubt as to the meaning of the words "driving under the influence." Indeed, we note that Denton has not argued he was unable to prepare for trial or that he actually found the citation confusing.

Accordingly, the district court decision, upholding Denton's judgment of conviction for driving under the influence of alcohol, is affirmed.