**Juan CORTEZ, Petitioner,**

v.

**Charles SCULLY, Superintendent, Green Haven Correctional Facility, Respondent.**

**No. 89 Civ. 1451(RWS).**

United States District Court, S.D. New York.

July 13, 1989.

Juan Cortez, pro se.

Robert M. Morgenthau, Dist. Atty., New York County (Marc Frazier Scholl, Asst. Dist. Atty., of counsel), New York City, for respondent.

## OPINION

SWEET, District Judge.

Petitioner Juan Cortez ("Cortez") has petitioned pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. For the reasons below, the petition is denied.

*The Facts and the Petition*

On June 20, 1975, Cortez was convicted after a jury trial of Manslaughter in the First Degree and Assault in the First degree. On July 31, 1975, he was sentenced to a term of incarceration of from six and two-thirds to twenty years on the manslaughter count and to a concurrent term of from four to twelve years on the assault count. Cortez was released from prison on parole on August 25, 1983, but his parole was revoked on March 5, 1986.

Cortez appealed his conviction to the Appellate Division, First Department, contending that trial testimony of a psychiatrist who had been consulted before trial by the defense violated his attorney-client privilege and his Sixth Amendment right to

counsel. Cortez also claimed that two knives recovered from his apartment should not have been admitted into evidence. Further, he complained that the prosecutor's summation was prejudicial and had denied him a fair trial. Finally, he argued that the trial court should have charged assault in the third degree as a lesser included offense of first degree assault. In a *pro se* supplemental brief, Cortez contended that during the pretrial stage he had been committed to a state hospital without a determination of his competence. He also contended that he was incompetent when he was tried. Lastly, he claimed that the trial judge had improperly interfered with the psychiatrist's testimony.

On November 1, 1977, the Appellate Division unanimously affirmed Cortez's conviction. Cortez's application for leave to appeal to the New York Court of Appeals was denied on December 20, 1977. A petition for certiorari to the United States Supreme Court was denied on October 3, 1987.

In May 1983, Cortez filed a *pro se* petition for a writ of habeas corpus in the Southern District of New York, raising four claims, only two of which had been presented on the direct state appeal: (1) that the psychiatrist's testimony violated the attorney-client privilege; and (2) that his pretrial commitment to a state hospital was error. Additionally, Cortez argued that he was denied effective assistance of trial counsel and a fair trial because the issues of guilt and insanity were tried together. On September 26, 1983, the petition was dismissed without prejudice because Cortez had failed to exhaust his available state remedies.

Cortez filed a second *pro se* petition for a writ of habeas corpus in March 1985. He again claimed that the testimony of the psychiatrist was error in that it violated not only the attorney-client privilege, but also the physician-patient privilege, the Fifth Amendment right against self-incrimination, and the Sixth Amendment right to counsel. He also argued that he was denied a hearing before his pretrial commitment and that he had not been competent

to proceed to trial. This petition was dismissed on July 22, 1986, without prejudice because it contained exhausted and unexhausted claims.

By papers dated May 13, 1986, Cortez moved, under New York CPL § 440.10, to vacate the judgment on the grounds that the psychiatrist's testimony violated the physician-patient relationship and the right against self-incrimination. His motion was denied on September 4, 1986. Cortez filed an application for leave to the Appellate Division, First Department, which was denied on June 2, 1987.

Cortez again moved to vacate the state judgment by papers dated September 12, 1986. He contended that he had received ineffective assistance of appellate counsel and argued, *inter alia*, that appellate counsel's failure to pursue "colorable claims" on state appeal and his negligence in preparing the appellate brief had deprived him of his Sixth Amendment right to counsel and equal protection under the Fourteenth Amendment. The motion was summarily denied on October 9, 1986. Cortez filed an application for leave to appeal the denial to the Appellate Division, First Department, which was denied on May 28, 1987.

In September 1987, Cortez filed a third *pro se* petition for a writ of habeas corpus, raising two grounds for relief. First, he claimed that he was denied effective assistance of appellate counsel because appellate counsel had failed to argue, on direct appeal, that trial counsel was ineffective. Second, he argued that the summary denial of his September 12, 1986 state motion to vacate judgment without a response by the government wrongly prevented him from expanding the issues of his claim. On July 20, 1988, the petition was dismissed without prejudice.

On November 3, 1988, Cortez filed an application to the Appellate Division, First Department for a writ of error *coram nobis*, in which he raised a claim of ineffective assistance of appellate counsel based upon allegations that his appellate counsel had not raised ineffective trial counsel and defective indictment claims on direct appeal. He also claimed that he had received

ineffective assistance of trial counsel because of counsel's failure to move to dismiss the indictment as defective. Finally, Cortez argued that the indictment was defective in its failure to state an essential element of the crimes charged. On December 29, 1988, the application was denied. On January 19, 1989, the Court of Appeals dismissed Cortez's application for leave to appeal that denial.

In the instant petition, Cortez raises three claims. First, he contends that the indictment upon which he was convicted was defective because it failed to inform him of an essential element of the charges against him. Second, he assets that his trial counsel was ineffective because counsel did not move to dismiss the indictment as defective. Third, he claims that he received ineffective assistance of appellate counsel because his appellate counsel did not raise the defective indictment claim or argue that trial counsel was ineffective.

*Exhaustion of State Remedies*

■ A state prisoner's petition for a writ of habeas corpus may not be granted until "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b). Petitions containing both exhausted and unexhausted claims are "mixed petitions" which should be dismissed. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982).

■ Cortez has not exhausted available state remedies with regard to his claim of effectiveness of trial counsel or the substantive claim of indictment defectiveness in state court. Although, in his 1988 application to the Appellate Division, First Department for a writ of error *coram nobis*, Cortez introduced a claim of ineffective assistance of trial counsel based upon a failure to move to dismiss the indictment, as well as a claim that the indictment was defective, an application for a writ of error *coram nobis* was not an appropriate vehicle for his claims. "A defective indictment is subject to challenge by demurrer or by appeal or by motion in arrest of judgment ..., not by a motion in coram nobis...." *People v. Tarver*, 206 N.Y.S.2d 331 (1960). *See also People v. Seymour,*

28 Misc.2d 224, 210 N.Y.S.2d 215 (1961); (a defective indictment cannot be attacked by a motion for a writ of error coram nobis).

Therefore, Cortez's claims of a defective indictment and ineffective assistance of trial counsel for failure to move to dismiss the indictment, as contained in grounds two and three of the instant petition, are unexhausted, and the entire petition must be dismissed. *See Rose v. Lundy*, 455 U.S. at 510, 102 S.Ct. at 1199.

*The Propriety of the Indictment*

■ Even if the application for a writ of error *coram nobis* were an appropriate vehicle for all of Cortez's claims raised herein, there is no constitutional merit to Cortez's third ground in his petition, the claim that the New York County Indictment was defective because it "failed in its purpose to apprise petitioner of the essential element of a crime in the criminal transaction he was alleged to have committed."

Under New York law, "an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime." *People v. Iannone*, 45 N.Y.2d 589, 600, 412 N.Y.S.2d 110, 118, 384 N.E.2d 656, 664 (1978). The indictment in this case, New York Count Indictment No. 439/72, accuses Cortez of committing acts which constitute the crimes of murder and attempted murder in New York County. The indictment informs Cortez of the persons whom he is alleged to have murdered and attempted to murder, the date when the events are alleged to have occurred, the instrumentality used, the county in which the events took place, and the culpable state of mind with which he is alleged to have acted. The indictment tracks the relevant statutes (New York Penal Law § 125.25; New York Penal Law §§ 110/125.25) and, therefore, sufficiently alleges that Cortez performed all of the material elements of the crimes charged for purposes of New York law. *See, e.g., People v. Cohen*, 52 N.Y.2d 584, 439 N.Y.S.2d 321, 421 N.E.2d 813 (1981); *People v. Iannone*, 45 N.Y.2d 589, 412 N.Y.S.2d 110, 116–117, 384 N.E.2d 656,

662–64.[1]  Beyond tracking the relevant statutes, *no more is required to inform* Cortez of the nature of the crimes that he must defend against and whether he may have a claim of double jeopardy.

With failure of the claim against the indictment, the challenges to the attorneys' performance necessarily fails.[2]  But even if it did not, it would not change the result here, for the Second Circuit has held that it does not recognize challenges to the sufficiency of a state indictment as a basis for habeas corpus review. *See United States ex rel. Mintzer v. Dros*, 403 F.2d 42, 43 (2d Cir.1967), *cert. denied*, 390 U.S. 1044, 88 S.Ct. 1643, 20 L.Ed.2d 305 (1968).

*Conclusion*

For the reasons above, Cortez's petition is denied.  A certificate of probable cause to appeal this decision will not issue.

It is so ordered.

---

1. New York makes provision for a defendant to obtain additional information concerning what he is accused of committing.  The New York CPL makes provision both for a bill of particulars, New York CPL § 200.95, and for discovery, New York CPL art. 240.

2. The claim against the indictment, Ground Three, is the crux of Cortez's petition.  In Ground Two, Cortez contends that his trial attorney was ineffective because he did not raise a challenge to the facial validity of the indictment. In Ground One, Cortez contends that his appellate attorney was ineffective in not challenging the facial validity of the indictment and in not arguing that the trial attorney was ineffective for not challenging the facial validity of the Indictment.