■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE QUAMINA, Appellant. [617 NYS2d 95] —Judgment unanimously affirmed. Memorandum: Defendant contends that count three of the indictment, which charges defendant and others with conspiracy in the second degree, is jurisdictionally defective because it fails to set forth the knowledge element of the four class A felonies that are the objects of the conspiracy. Defendant failed to preserve that issue for review by his failure to raise that ground in his motion papers submitted to County Court. Additionally, defendant waived his challenge to the indictment by his guilty plea *(see, People v Levin,* 57 NY2d 1008, 1009, *rearg denied* 58 NY2d 824; *People v Iannone,* 45 NY2d 589).* Defendant mischaracterizes the nature of his challenge to the indictment. While a jurisdictional defect in an indictment is not waived by a guilty plea and may be raised for the first time on appeal, not every alleged defect is a jurisdictional defect *(see, People v Iannone, supra,* at 600). "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" *(People v Iannone, supra,* at 600). Here, the indictment charged defendant with the commission of the crime of conspiracy in the second degree and identified the four class A felonies that are the objects of the conspiracy by name and by reference to the relevant sections and subdivisions of the Penal Law. Thus, the indictment is not jurisdictionally defective *(see, People v Ray,* 71 NY2d 849, 850; *People v Wright,* 67 NY2d 749, *revg* 112 AD2d 38). Finally, we reject defendant's contention that count three of the indictment is duplicitous *(see,* CPL 200.30; *People v Ribowsky,* 77 NY2d 284,

289; *People ex rel. Hannon v Ryan,* 34 AD2d 393, 400, *lv denied* 27 NY2d 487; *cf., People v Keindl,* 68 NY2d 410, 417, *rearg denied* 69 NY2d 823). (Appeal from Judgment of Monroe County Court, Egan, J.—Attempted Conspiracy, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.