■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROLD JOHNSON, Appellant. [642 NYS2d 134] —Judgment unanimously affirmed. Memorandum: While represented by counsel, defendant agreed to enter an *Alford* plea (*see, North Carolina*

*v Alford,* 400 US 25) to one count of sexual abuse in the first degree in full satisfaction of an indictment charging him with two counts of sodomy in the first degree and two counts of sexual abuse in the first degree. By entering his plea, defendant waived his non-jurisdictional challenge to the facial validity of the indictment (*see, People v Iannone,* 45 NY2d 589, 600; *People v Quamina,* 207 AD2d 1030, *lv denied* 84 NY2d 1014). It is apparent from the record that defendant knowingly and voluntarily chose to plead guilty to a class D felony rather than risk being convicted of a class B felony or felonies after trial. Defense counsel negotiated a favorable *Alford* plea and sentencing agreement. Thus, we conclude that defense counsel provided meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). The court imposed the sentence bargained for as part of the plea agreement; we see no basis to modify it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.