■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON DIAZ, Appellant. [650 NYS2d 436] —Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 24, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was found in possession of a razor blade while incarcerated in a State correctional facility. He was subsequently indicted for the crime of promoting prison contraband in the first degree and pleaded guilty to the crime of attempted promoting prison contraband in the first degree. On appeal, defendant argues that the indictment should be dismissed because it is jurisdictionally defective insofar as it failed to specify that he was incarcerated in a correctional facility at the time he possessed the subject contraband.

Initially, we note that defendant's plea of guilty does not preclude his challenge to the indictment if the indictment is, in fact, jurisdictionally defective (*see, People v Quamina*, 207 AD2d 1030, *lv denied* 84 NY2d 1014; *People v Roe*, 191 AD2d 844, 845). "[A]n indictment is jurisdictionally defective * * * if it does not effectively charge the defendant with the commission of a particular crime" (*People v Iannone*, 45 NY2d 589, 600; *see, People v Quamina, supra*, at 1030). This is the case if the indictment "fails to allege that a defendant committed acts constituting every material element of the crime charged" (*People v Iannone, supra*, at 600).

Defendant was charged with violating Penal Law § 205.25 (2), which states that

"[a] person is guilty of promoting prison contraband in the first degree when * * *

"[b]eing a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband".

The indictment in this case alleged that "[t]he defendant, in the County of Chemung and State of New York, on or about the 11th day of July 1994, knowingly and unlawfully possessed dangerous contraband, to wit: a razor blade". Despite the fact that the indictment did not indicate that defendant was detained in a correctional facility, the indictment did make reference to the specific statutory section allegedly violated. "The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself * * * for conviction under that statute" (*People v Cohen*, 52 NY2d 584, 586; *see, People v Ray*, 71 NY2d 849, 850).

Further, the term "contraband" as expressly contained in the indictment is defined at Penal Law § 205.00 (3) as "any article or thing which a person *confined in a detention facility* is prohibited from obtaining or possessing by statute, rule, regulation or order" (emphasis supplied). Incorporation by reference of the statute defining the crime of promoting prison contraband in the first degree not only constituted an allegation of the elements of the crime charged, but also an allegation of the statutory definitions of those elements (*see, People v Motley*, 69 NY2d 870, 872).

The purpose of an indictment is that "the defendant be afforded fair notice of the charges made against him, so that he can prepare a defense and in order to avoid subsequent attempts to retry him for the same crime or crimes" (*People v Wright*, 112 AD2d 38, 39 [dissenting opn], *revd on dissenting opn below* 67 NY2d 749). Consequently, we find that "viewing [the record] in its entirety there can be no reasonable assertion of a lack of notice" (*People v Cohen, supra,* at 587; *see, People v Ray, supra,* at 850; *People v Wright, supra,* at 39).

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.