■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MARTIN, Appellant. [655 NYS2d 458] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 13, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was indicted for the crime of promoting prison contraband in the first degree in violation of Penal Law § 205.25 (2). Because the indictment failed to allege that the crime took place while defendant was confined in a detention facility and failed to specify which facility defendant was incarcerated in, defendant moved to dismiss the indictment as jurisdictionally defective. Before County Court ruled on the motion, defendant pleaded guilty to the lesser charge of attempted promoting prison contraband in the first degree. In appealing his conviction, defendant again raises the jurisdictional issue.

We affirm. The facts in this case are virtually indistinguishable from those of *People v Diaz* (233 AD2d 777), which this Court recently decided. In that case, as here, while the indictment did not specify that the accused was in a correctional facility at the time the crime allegedly occurred, it nevertheless

incorporated by specific reference the statutory section allegedly violated (*see, supra*). Therefore, even though Penal Law § 205.25 (2) includes the element of being "confined in a detention facility" as part of its definition of promoting prison contraband in the first degree, we concluded that incorporating by reference the statute defining that crime "not only constituted an allegation of the elements of the crime charged, but also an allegation of the statutory definitions of those elements" (*supra*, at 778). Insofar as we can discern no relevant differences between this case and *Diaz*, we again reject the jurisdictional argument and accordingly, affirm the judgment of conviction.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.