■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER COLON, Appellant. [710 NYS2d 35] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered April 7, 1997, convicting defendant, after a jury trial, of murder in the second degree and burglary in the first degree, and sentencing him, as a juvenile offender, to concurrent terms of 6 years to life and 3⅓ to 10 years, respectively, unanimously affirmed.

Defendant, who was 14 years old at the time of the murder, was properly convicted of felony murder based on the underlying crime of burglary in the first degree, a crime for which he was criminally responsible pursuant to Penal Law § 30.00 (2). The felony murder count, which set forth every element of felony murder, was not rendered jurisdictionally defective by its lack of specificity as to the degree of burglary alleged to be the underlying act. To the extent that the indictment was required to provide defendant with notice that the defense of infancy did not apply in that the felony murder involved an underlying act for which defendant was criminally responsible, we conclude that the indictment provided defendant with ample notice (*see, People v Cohen*, 52 NY2d 584; *see also, People v Ray*, 71 NY2d 849; *People v Wright*, 67 NY2d 749, *revg on dissenting opn* 112 AD2d 38, 39). Moreover, the court's explicit instruction to the jury that the People were required to prove

that the underlying crime was first-degree burglary, which was also a separate count upon which defendant was convicted, further clarified the nature of the charge (*see*, *People v Johnson*, 185 AD2d 860, *lv denied* 80 NY2d 975), and did not constitute a constructive amendment of the indictment.

Defendant's remaining contention was previously rejected by this Court upon defendant's motion for a reconstruction proceeding and there is no basis upon which to depart from that determination. Concur—Nardelli, J. P., Williams, Wallach, Rubin and Friedman, JJ.