People v Jones

2026 NY Slip Op 02214

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

George Jones, Defendant-Appellant.

Decided and Entered: April 14, 2026

Ind. No. 1577/17|Appeal No. 6354|Case No. 2018-4740|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

The Legal Aid Society, New York (Whitney Elliot of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 28, 2018, as amended July 23, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously reversed, on the law, the judgment of conviction vacated and the indictment dismissed.

Defendant's claim that the evidence was legally insufficient is unpreserved because defense counsel's motion for a trial order of dismissal was general and did not direct the court's attention to his current appellate claims (see People v Hawkins, 11 NY3d 484, 492-493 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). As an alternative holding, we find that the conviction was supported by legally sufficient evidence and that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]).

However, we agree with defendant that the count of the indictment under which he was convicted was jurisdictionally defective and that the court should not have amended the indictment at the People's request. While the jurisdictional requirements of an indictment count are ordinarily met by an allegation that the defendant "violated the terms of a specific statute designated by name and section" (People v Cohen, 52 NY2d 584, 586 [1981]), that rule does not apply where, as here, the statute at issue allows for commission under discrete subdivisions and there is no specific allegations regarding the subsection that the defendant allegedly violated (see People v Saenger, 39 NY3d 433, 438-439 [2023]). The second count of the indictment charging defendant with criminal possession of a weapon in the third degree under Penal Law § 265.02(1), could be satisfied by proof that defendant committed the "bump-up" crime of fourth-degree criminal possession of a weapon (Penal Law 265.01) in one of four ways, without specifically alleging the provision that defendant violated. Further, the amendment had the effect of "curing . . . a failure . . . to charge or state an offense" or the "legal insufficiency of the factual allegations," both of which are prohibited by CPL 200.70(2).

Accordingly, the judgment of conviction is vacated and the indictment dismissed.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026